All concurring for affirmance, judgment affirmed.

---

ALEXANDER KNAPP, Respondent, v. FRANCIS B. WALLACE, Appellant.

A real estate broker employed to purchase real estate, earns his commission, when he has, *in good faith*, brought to his employer a vendor, who makes a written contract with him for the sale of the property. It is no answer to his claim for commission against such employer, that the vendor could not make perfect title, and was, therefore, unable to carry out his contract of sale.

(Argued October 9th, 1869, and decided December 23d, 1869.)

THIS is an appeal from a judgment of the General Term of

the New York Common Pleas, affirming a judgment in favor of the plaintiff against the defendant, upon the report of a referee. The action was brought by the plaintiff as the assignee of Daniel Messmore, a real estate broker, to recover under an agreement between Messmore and the defendant, by which the latter agreed to pay the former the sum of one per cent upon the price, if he would introduce him, the defendant, to the seller of certain real property in New York.

The referee found that the defendant employed Daniel Messmore, in the year 1859, as his broker, to purchase the houses and lots known as 3 and 5 West 38th street, in New York, and for such services promised to pay Messmore one per cent on the contract price thereof.

That through and by the aid and assistance of Messmore, the defendant made, with W. R. Butterworth, a valid contract in writing, for the purchase of the property for $50,000. That Messmore, on the 22d December, 1859, assigned and transferred, for a valuable consideration, his claim for said services to the plaintiff.

The defendant insisted, upon the trial, that the title to the property was defective, and that Mr. Butterworth, with whom he made the contract, could not give *good* title, there being a lease to one Van Norman outstanding.

The evidence showed, and the referee found that the promise of the defendant was in consideration of Messmore's *aiding and assisting to make the contract with Butterworth,* who, for aught that appeared, was abundantly responsible for any damage to the defendant by reason of his failure to perform his contract.

The defendant also set up in his answer a pretended recoupment against Messmore, growing out of a Nicaragua cession, but gave no evidence of it.

*J. S. L. Cummins,* for the appellant, cited on the question of performance by Messmore, *Murray* v. *Carrie* (7 Car. & Payne, 584); *Holly* v. *Townsend* (15 How., 128); *Goodspeed* v. *Robinson* (1 Hilt., 424); *Central Insurance Co.* v. *Protection Ins. Co.* (4 Kern., 85.)

*Samuel Hand*, for the respondent, to show that the broker was entitled to commissions, though title defective, cited *Doty* v. *Morris* (43 Barb., 529); *Barnard* v. *Monnott* (3 Keyes, 203); *Lyon* v. *Mitchell* (2 Trans. Appls., 47); *Moses* v. *Burling* (31 N. Y., 462); *Glentworth* v. *Luther* (21 Barb., 145); *Golly* v. *Gosling* (3 E. D. Smith, 262); *Goldsmith* v. *Obernier* (id., 121); *Chilton* v. *Butler* (1 id., 150); *Corning* v. *Calvert* (2 Hilt., 56.)

LOTT, J. This action was brought in the Court of Common Pleas of New York, by the plaintiff, as the assignee of Daniel Messmore, to recover compensation for services rendered by him to the defendant under a special contract in the purchase of two houses and lots in the city of New York.

The referee, to whom the issues were referred for trial, found in favor of the plaintiff, and the judgment rendered on his decision was affirmed by the General Term of that court.

It is therefore, conclusive on this court upon the questions of fact, and I find no ground for the reversal of the judgment for errors of law.

It was no defence to the plaintiff's claim, that the title to the property was defective. Messmore had not undertaken that it should be good. The contract between him and the defendant did not place his right to compensation on such a condition.

The defendant pleaded a set-off, and on asking one of the witnesses, who were the grantees of the Nicaragua Transit Company referred to in the defence, announced that the object of the question was to prove the set-off set up in his answer, which was objected to, 1st, on the ground "that the grant, if any, must be produced as the best evidence; that parol evidence is inadmissible;" and 2d, on the ground that the claim sought to be set off was "not a demand, the amount of which was liquidated or capable of being ascertained by calculation."

The objection was sustained, and the defendant's counsel excepted, but the exception is not relied on by him on this

appeal, and it is sufficient to say, that the evidence offered was clearly inadmissible.

The judgment should be affirmed with costs.

MASON, J., also delivered an opinion for affirmance.

All concurring.

Judgment affirmed.