ANNIE E. FRASER, Executrix, etc., Appellant, *v.* ARCALOUS WYCKOFF, Respondent.

A broker is not entitled to commissions until he has performed the undertaking assumed by him. Where he undertakes to negotiate a sale, unless performance is prevented by his principal, he has not earned his commission until he has found a purchaser ready and willing to complete a purchase on the terms prescribed by the principal and assented to by the broker.

Defendant agreed to pay plaintiff $1,500 provided he effected a sale or obtained a customer who would pay $17,500 for the unsold territory of certain patents owned by defendant, and ten per cent on any less sum which defendant might agree to take. Plaintiff had interviews with H. and S. which contributed to, and were in part, the procuring cause of their entering into a copartnership agreement with defendant for the selling of rights and for the use of the patented machinery in business operations, the firm agreeing to pay defendant $15,000 for his interest by paying to him a certain per centage of the profits of the business until he received that sum, he agreeing thereupon to assign his interest in the patents to the firm. In an action to recover the agreed commissions, *held*, that plaintiff was not entitled to recover as he had not proved a performance, or any excuse for the non-performance, of his agreement to procure a purchaser ready to pay absolutely the sum specified or a sum agreed upon, which was a condition precedent to his right to recover.

(Argued December 7, 1875; decided December 14, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of defendant entered upon the report of a referee.

This action was brought to recover the sum of $1,500 alleged to have been earned as commissions agreed upon between the parties in effecting a sale of certain patent interests owned by defendant.

The referee found the following facts, in substance:

That plaintiff was a patent solicitor and expert; that in September, 1857, the defendant being the owner of a patent boring machine entered into a contract with plaintiff to pay him $1,500 provided he effected a sale or obtained a customer who would pay $17,500 for all the unsold territory of said patent, or that he would pay plaintiff ten per cent on any less sum which the defendant would agree to take; and if plaintiff should sell for more than $17,500, he to receive all above that sum in addition to the ten per cent. That plaintiff, without any unnecessary delay, commenced efforts to make a sale of said patent, and continued such efforts, with reasonable skill and diligence, to October 13th, 1859; that during such period he repeatedly saw and conversed with J. S. Hobbie and urged upon his attention, etc., said patent, and also on one L. B. Swan; and held conversation on said patent with Hobbie and Swan together.

That on October 13th, 1859, defendant, Hobbie and Swan entered in copartnership, under the firm name of Wyckoff, Hobbie & Co., for the purpose of selling rights secured by said patent, and in the business of constructing water-works, on the following terms: That said firm should pay Wyckoff for his unsold interest in said patent, except certain territory specified, the sum of $15,000, as follows: Twenty-five per cent of the net profits to be realized from the sale of rights and twenty per cent of the net profits to be derived from the construction of water-works, etc., until the whole should be paid; and that on payment of said $15,000 by said firm, the interest of said Wyckoff in said patent should immediately vest in said copartners equally.

That the conversations of said plaintiff with said Hobbie and said Swan, and his recommendations of and information concerning said patents, etc., contributed to, and were in part,

the procuring cause of the making of said agreement between defendant and Hobbie and Swan.

As conclusion of law the referee found that said agreement between defendant, Hobbie and Swan was not such a sale, etc., as was contemplated by said contract, and that plaintiff had not therefore performed all the conditions thereof on his part and was not entitled to recover.

*E. H. Benn* for the appellant. To entitle a broker to his commissions it is only necessary that he be employed to sell, and finds a purchaser who is willing to purchase. (*Lloyd* v. *Mathews*, 51 N. Y., 124; *Martin* v. *Sillman*, 53 id., 615; *Knapp* v. *Wallace*, 41 id., 477; *Redfield* v. *Tegg*, 38 id., 212; *Lyon* v. *Mitchell*, 36 id., 237; *Doty* v. *Meller*, 43 Barb, 529.) One party to a contract cannot prevent the other from performing, and thus deprive him of the benefit of a performance, or claim that there was no performance by him. (*Moses* v. *Bierling*, 31 N. Y., 462; *Young* v. *Hunter*, 6 id., 204, 207.) The object or purpose of a writing may be shown by parol, and the referee erred in holding that it was immaterial, or that the object or purpose of making it was merged in it. (*McKinster* v. *Babcock*, 26 N. Y., 381.)

*J. McGuire* for the respondent. There was no such sale as was contemplated and provided for in the agreement between plaintiff and defendant. (*McGavock* v. *Wooliff*, 20 How. [U. S.], 220–227; 49 N. Y., 563.) Plaintiff, to recover, was bound to prove that the customer procured was such as he agreed to procure, and that he was the efficient and procuring cause in procuring him. (*McClave* v. *Paine*, 49 N. Y., 561; *Moses* v. *Bierling*, 31 id., 462; *Barnes* v. *Roberts*, 7 Robt., 73–84.) Defendant rightfully sold certain parts of the land after his agreement with plaintiff, and before his agreement with Hobbie and Swan. (49 N. Y., 561.) Plaintiff had but a reasonable time in which to make the sale or procure a customer. (*F. L. and T. Co.* v. *Hunt*, 16 Barb., 521, 522; *Ellis* v. *Thompson*, 3 M. & W., 445–450.)

ALLEN, J.  A broker for the sale of real estate is entitled to his commissions when, in the language of the cases, he "is the procuring cause of the sale;" that is, when he has found a purchaser and brought him to his employer and a contract is made between them for the sale of the property, or the purchaser is ready to purchase and the seller refuses or is unable to consummate the sale. (*Knapp* v. *Wallace*, 41 N. Y., 477; *Martin* v. *Silliman*, 53 id., 615; *Lloyd* v. *Matthews*, 51 id., 124.) He is not, however, entitled to commissions until he has performed the undertaking assumed by him. Whatever may be the terms and conditions upon which his right to compensation depends, they must be performed, as a condition precedent to a right of action for a commission.

A broker to negotiate the sale of an estate is not entitled to his commission until he finds a purchaser ready and willing to complete a purchase on the terms prescribed by the seller and assented to by the broker. (*Moses* v. *Bierling*, 31 N. Y., 462; *McGavock* v. *Woodlief*, 20 How. [U. S.], 221.) If the principal prevents a performance by the broker, the right of the latter to recover would depend upon a different principle, and he might recover without proving a strict performance. (*Young* v. *Hunter*, 2 Seld., 203.)

The right to recover in this action rests upon an allegation of performance, and not upon a waiver or prevention of performance by the defendant. The proof comes entirely short of establishing either a performance or an excuse for not performing. The agreement with the broker was very explicit as to the character and terms of the sale to be accomplished as a condition to the earning of commissions. The sale was to be absolute, for a specified sum, to be paid to the defendant. The compensation was to be earned when a customer should be obtained who would pay the price named. There is no pretence that such a purchaser has been found, or that such a sale has been made. The defendant has made a very different arrangement for utilizing his patents and making them remunerative, viz., by entering into a business copartnership with two others for carrying on an extensive business,

including the selling of rights secured by the patents and the use of the patented machinery in their business operations. The defendant is, by the arrangement, to depend for a return for his patents upon the results and net earnings of the partnership — a contingency not contemplated in the agreement with the broker. Whether the broker was instrumental in effecting this arrangement is not material; if he was, it was but incidentally, and it was not the service for which the defendant employed him.

As the plaintiff utterly failed to make a case for a recovery, the exclusion of evidence in explanation of the agreement not to sell or offer to sell for less than a specified sum, was immaterial. Whether that agreement was in or out of the case did not affect the result.

The judgment must be affirmed.

All concur.

Judgment affirmed.