NORMAN L. McDONALD v. WILHELM BŒING.

*Contract of employment—Acceptance of offer.*

An offer to employ another does not bind the person making it unless he is given to understand that it is accepted; and the right to compensation arises from the parties having placed themselves in the relative positions of employer and employed, and assumed respectively their obligations and duties.

A contract of employment must always be a voluntary act on the part of the employer and employed, coinciding in a common understanding.

B declined to give M the refusal of certain lands for which he had asked him a stated price, but wrote him promising to pay the usual commissions if he sold it to good parties. M did not reply but caused a purchaser to negotiate with B, and the result was that B sold the land personally, though at a lower price. *Held* that the written offer was not general, but was to be construed in connection with the previous statement of price, and as M had not notified B that he accepted it, he was not entitled to claim any commissions under it.

Error to Saginaw. Submitted April 16. Decided April 28.

ASSUMPSIT.    Plaintiff brings error.

*McDonell & Mann* for plaintiff in error.    Commissions for selling may be earned by procuring a purchaser, *Knapp v. Wallace* 41 N. Y. 477; *Lincoln v. McClatchie* 36 Conn. 136; *Cook v. Fiske* 12 Gray 491; *McCreery v. Green* 38 Mich. 172.

*Chauncey H. Gage* for defendant in error.    Acceptance of terms is necessary to complete a contract of employment, *Chic. & G. E. Ry. v. Dane* 43 N. Y. 240; *Averill v. Hedge* 12 Conn. 424; *Martin v. Black* 21 Ala. 721; a broker has not earned his commission until he has found a purchaser ready to buy on the terms prescribed by his principal, *McGavock v. Woodlief* 20 How. 221; *Darrow v. Harlow* 21 Wis. 306; *Fraser v. Wyckoff* 63 N. Y. 445; *Wylie v. Marine Nat. Bank* 61 N. Y. 415; *Briggs v. Rowe*

1 Abb. App. Dec. 189; and the principal can sell the land himself, *Hungerford v. Hicks* 39 Conn. 259.

COOLEY, J.  The plaintiff sues to recover commissions on a sale of lands.  The defendant denies that he ever employed the plaintiff to make the sale on which commissions are claimed, and it is conceded that the defendant made the sale himself; the plaintiff claiming only to have been the procuring cause thereof.

The controversy turns upon the question of employment.  The dealings of the parties were exclusively by mail and telegraph.  On August 22, 1878, plaintiff wrote defendant, inquiring if his lands on sections 16 and 19, town 22 north, range two west, were for sale, and if so, requesting terms and lowest prices.  Defendant replied August 30th that they were for sale; those on section 16 for $8500.  On the receipt of this letter plaintiff sent a telegram requesting a refusal of the land for twenty days, and stating that he thought he could buy or make a sale—probably the latter.  In reply to this the following letter was sent:

"MANISTEE, Oct. 19, 1878.

*Mr. Norman L. McDonald:*
DEAR SIR: Returning from a trip I find your message. I do not want to give a refusal of any of my lands, but you may go and sell it to good parties, and if you do I will pay you the usual commissions.  Please reply and oblige                          Yours truly,
WILLIAM BŒING."

No reply was ever made to this letter, but plaintiff interested himself in having a man who was looking for land go upon and examine the lands on section sixteen and open negotiations with defendant therefor.  The result was that defendant sold the lands personally, on November 9, 1878, for $7000.  No communication passed between him and the plaintiff after October 19, before the sale by defendant was perfected.

The circuit judge instructed the jury that as the plaintiff never notified the defendant of the acceptance

of the terms of his letter of October 19th, or that he was seeking to sell the lands by virtue of any offer made to him by defendant, the latter was at liberty to proceed and sell the lands himself, without being liable to the plaintiff.

The instruction was correct. No offer to employ another binds the person making it to pay for services unless he is given to understand that the offer is accepted. The right to compensation arises from the parties having placed themselves in the relative positions of employer and employed, and assumed respectively the obligations and duties belonging to those positions. And the contract of employment must always be a voluntary act on the part of the employer and of the employed, coinciding in a common understanding.

The plaintiff never assumed the obligations and duties of an agent, nor was defendant ever notified that he proposed to do so after the request that he might have the refusal had been denied. Defendant therefore had a right to understand that plaintiff had dismissed the subject from his attention, and had no reason to suppose that plaintiff was laboring for commissions or expecting them. On the other hand, if plaintiff had taken advantage of any superior knowledge he may have had of peculiar value in the lands, to purchase them himself at less than their real worth, there could have been no ground on which defendant might impeach the sale as being constructively fraudulent by reason of the obligation which the existence of an agency imposes, that the agent shall disclose to his principal all important facts within his knowledge affecting the value of the land before he purchases. Apparently, so far as defendant knew, the parties when the sale was actually made, stood to each other in no fiduciary relations whatever.

It is to be further observed that the sale was not made on the terms on which the defendant had empowered the plaintiff to make one. The letter of October 19th must be understood as having been written in view of the price

before named; and so construing it, the plaintiff was told in substance: "You may go on and sell for $8500, and when you do so I will pay you a commission." But instead of making a sale, plaintiff interested himself in sending a purchaser to defendant, to whom the land was sold for $7000. This service may have been valuable, but defendant had never contracted for it, and we have no reason to conclude as against him that he would ever have agreed to pay for it. He might have been willing to pay a liberal commission on a sale at the larger sum, and none at all on a sale such as was made. But speculation on the subject is useless: there was never any proposition to plaintiff that he should act generally in the sale of this land, and the proposition actually made to him, that he procure a purchaser at a named price was never accepted and never acted upon. *Darrow v. Harlow* 21 Wis. 302; *Fraser v. Wyckoff* 63 N. Y. 445; *McGavock v. Woodlief* 20 How. 221.

The judgment must be affirmed with costs.

The other Justices concurred.