## CHEATHAM *v.* YARBROUGH.

### (*Nashville.* March 12, 1891.)

1. REAL ESTATE BROKERS. *Entitled to commissions, when.*

   A real estate broker is entitled, in the absence of special contract or circumstances, to the stipulated commissions for effecting a sale of lands, when he has procured and presented to his principal a purchaser who is ready, able, and willing to purchase the land and comply with the required terms of sale.

   Cases cited and approved: Gilchrist *v.* Clarke, 86 Tenn., 585; Parker *v.* Walker, 86 Tenn., 569, 573; 20 How. (U. S.), 221; 22 *Id.*, 69; 63 N. Y., 448; 12 Gray, 493; 88 Ind., 104; 57 Cal., 224; 31 Md., 270.

2. SAME. *Same.*

   And the broker may recover commissions of his principal in such case, although the sale is not consummated, if it fails of consummation solely on account of defect in the vendor's title, of which the broker was not notified and had no personal knowledge.

3. SAME. *Same.*

   And the broker may recover commissions of his principal in such case, although it was stipulated they should be paid out of the purchase-price.

---

FROM DAVIDSON.

---

Appeal in error from the Circuit Court of Davidson County. W. K. McALISTER, J.

STOKES & STOKES for Cheatham.

DICKINSON & FRAZER for Yarbrough.

CALDWELL, J.   This action was brought by Yarbrough, Maddux & Davis, real estate agents, to recover from W. B. Cheatham certain commissions alleged to be due them for services rendered him with respect to a sale of real estate. He defended and resisted a recovery on the ground that the sale was never in fact completed.

The Circuit Judge, trying the case without the intervention of a jury, held that the plaintiffs had done all that the law required them to do as agents, and gave judgment in their favor for $205 and costs.

Defendant appealed in error.

Cheatham placed certain real estate in the hands of plaintiffs for sale, agreeing to pay them a certain commission out of the purchase-money for their services.   They procured and presented a proposed purchaser, who was acceptable to Cheatham, and who was ready, able, and willing to buy at a price and on terms entirely satisfactory to Cheatham.   But on examination of Cheatham's title by the purchaser, after the plaintiffs had brought them together, it was found to be defective; and for that reason alone, without any fault on the part of the plaintiffs, the trade was not consummated.

Cheatham had said nothing to the plaintiffs about his title, and they had no knowledge of its defective character until discovered and disclosed by the purchaser.

Such is the case briefly stated.

Under these facts the agents were entitled to

compensation the same as if the sale had been completed, for they had done all that the law required them to do under their contract.

The just and well-settled rule of law requires that the agent shall be paid his compensation when he procures a purchaser who is acceptable to the principal, and ready, able, and willing to buy on the agreed terms, though in fact the sale be not ultimately consummated, provided its consummation is prevented by the fault, refusal, or defective title of the principal. Mechem on Agency, Secs. 966 and 967; 2 Am. and Eng. Ency. of Law, 578 and 581; 2 Addison on Contracts (Morgan's Ed.), Sec. 931; *McGavock* v. *Woodlief*, 20 How. (U. S.), 221; *Kock* v. *Emmerling*, 22 How. (U. S.), 69; *Frazier* v. *Wycroff*, 63 N. Y., 448; *Cook* v. *Fish*, 1:. Gray, 493; 88 Ind., 104 (S. C., 45 Am. R., 447); 57 Cal., 224; 31 Md., 270; *Gilchrist* v. *Clarke*, 2 Pickle, 585; *Parker* v. *Walker*, 2 Pickle, 569, and dissenting opinion in same case, 573.

Though this was not the question in judgment in the 2 Pickle cases, the doctrine here applied was stated and recognized as sound law in each of those cases on the pages cited above.

The objection to the title of Cheatham was not a captious one. On the contrary, it was made in good faith, because of a real defect, by a person who would otherwise have been glad to purchase the property at the price and on the terms required by Cheatham. The contract made by Cheatham with the plaintiffs was in the ordinary terms.

That they were to receive their compensation out of the proceeds of sale, did not make their right to compensation dependent, at all events, on the completion of the sale. If they performed their part of the contract, and the trade was defeated alone by the inability of their principal to make a good title, as is conclusively shown to have been the fact, then they should receive compensation for their services, though it cannot be paid, as agreed, out of the purchase-money. There is nothing in the contract, nor in any fact or facts disclosed in the record, to take the case out of the operation of the general rule of law stated above.

Had Cheatham revealed to the plaintiffs the real state of his title, and contracted that they should have nothing for their services unless they should find a purchaser who would take such title as he could make, we would have an entirely different case, and his defense to this action would certainly prevail. But as he employed them to find a purchaser, without making any statement with respect to his title, and the plaintiffs had no personal knowledge of its character, they had a right to presume that it was unobjectionable, and to negotiate a sale upon that assumption.

Let the judgment be affirmed with costs.