## GILMORE *v.* BOLIO.

BROKERS—COMMISSIONS—SALE OF REAL PROPERTY.

No commission is recoverable by a broker who listed property under an arrangement to have as his commission all he could obtain for it above $1,400, and who introduced to the owner a prospective buyer who refused to take the house at the price named by the broker, but afterwards bought the property for $1,300 directly from the owner.

Error to Wayne; Murphy, J. Submitted April 12, 1911. (Docket No. 86.) Decided May 8, 1911.

Assumpsit in justice's court by William G. Gilmore against John Bolio for broker's commissions on a sale of real property. From a judgment for plaintiff, defendant removed the cause to the circuit court by certiorari, where

judgment was entered for defendant. Plaintiff brings error. Affirmed.

*James H. Bayne,* for appellant.

*A. B. Hall,* for appellee.

HOOKER, J. The plaintiff recovered a judgment in the court of justice of the peace, which was reversed on certiorari by the circuit court. The cause is before us on writ of error taken out by plaintiff.

The substance of the error assigned, in the affidavit, is that the testimony did not warrant the judgment, and that is the only question before us. The return of the justice states that the affidavit for certiorari correctly states all of the testimony taken upon the trial. The testimony shows without dispute that defendant owned certain premises, which he desired to sell; that he stated to the plaintiff that he would allow him to sell it, if he could get $1,400 net for plaintiff. Through his agent, Stroh, plaintiff subsequently introduced Wiegel to defendant as a prospective purchaser. Wiegel refused to buy the house on the terms stipulated by defendant. Nothing more was done about the matter by any of the parties for six weeks. Subsequently Wiegel purchased the property for $1,300. The plaintiff claims that he is entitled to a commission for finding and introducing the person to whom defendant finally sold the place, while defendant insists that what plaintiff did was under a special contract, and that it is conclusively shown that he is not entitled to a commission.

We think defendant is correct. Plaintiff's right to compensation depended upon his ability to obtain a greater sum than $1,400 for the place, in which he failed. The fact that defendant sold it for $100 less than that sum to a person who had refused plaintiff's offer of the place at $1,450 does not entitle plaintiff to compensation. *Mc-Donald* v. *Boeing,* 43 Mich. 394 (5 N. W. 439, 38 Am. Rep. 199); *Williams* v. *McGraw,* 52 Mich. 480 (18 N.

W. 227); *Antisdel* v. *Canfield*, 119 Mich. 229 (77 N. W. 944). See, also, *Wood* v. *Smith*, 162 Mich. 334 (127 N. W. 277), where Mr. Justice STONE has discussed this question at length.

The judgment is affirmed.

OSTRANDER, C. J., and BIRD, BLAIR, and STONE, JJ., concurred.