## Hall v. McKee.

### (Decided April 23, 1912.)

### Appeal from Harrison Circuit Court.

1. Deeds—What is "good and sufficient deed."—A contract to convey land by "a good and sufficient deed" obliges the grantor to furnish the grantee a marketable deed—one that will pass a good title to the land it purports to convey.
2. Cost of Partition Suit—Attorneys' Fees.—Attorneys' fees incurred by one of the parties in obtaining a division of land between joint owners are properly taxable as costs of the action if nothing is involved except a partition; but, attorneys' fees incurred by one of the parties in defeating a claim asserted against his interests are not to be taxed as part of the cost of partition.

IRA JULIAN and LUCIUS DESHEA for appellant.

DANIEL DURBIN and CASON & COX for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

On May 12, 1910, appellee Nancy Lee McKee agreed in writing to purchase from the appellant Hall, upon the delivery to her of "good and sufficient" warranty deed. "his undivided one-third interest in about 211 acres of land * * * together with the right to collect the rents accruing after the delivery of the deed, and the right to continue and maintain for my own benefit the action now pending in the circuit court of said county in the names of the said Halls, as plaintiffs, for the sale or division of said farm." As the consideration for the land, she agreed to pay $7,000 in cash, "and to assume to pay the said plaintiff's proper portion of the taxable costs of said action." In July, 1911, Hall tendered to the appellee a deed for his undivided one-third interest in the land, and demanded payment of the purchase price of $7,000; but, the appellee declined to accept the deed upon the ground that there was some defect in Hall's

title. Afterwards, and in January, 1911, Hall brought this suit against appellee for a specific performance of the contract. In his petition he set out that in February, 1910, he instituted an action in equity in the Harrison Circuit Court for the partition of the land among the joint owners, the action referred to in the proposition of Mrs. McKee to purchase Hall's interest. The petition averred the tender to Mrs. McKee in July, 1910, of a good deed, and also stated that in July, 1910, and previous thereto, one J. Kirk Simms was asserting title to the whole tract of land, including that part purchased by Mrs. McKee. It further appears from the petition that after the deed was tendered to her in July, 1910, she refused to assist in the prosecution of the action for partition, and it is averred that "she by her failure and refusal compelled the plaintiff to incur the expense of compensating his attorneys for their services rendered in successfully defending the said claim asserted by the said J. Kirk Simms, and in bringing about the division of said land among the joint owners thereof; and plaintiff states that the services so rendered by said attorneys in said action after said 22d day of July, 1910, were reasonably worth the sum of $200." The prayer of the petition is that Mrs. McKee be required to accept the deed and pay the agreed purchase price, and also for $200, the expense which Hall was compelled to incur in continuing to prosecute the action.

In an amended petition it was averred that Mrs. McKee "by stipulating in her written contract that the plaintiff should convey to her the right to continue and maintain said action for the defendant's own use and benefit, undertook and agreed that she would assume the further conduct of said action after the tender of such good and sufficient warranty deed by the plaintiff; but that she refused to accept the deed and insisted that the plaintiff should continue the prosecution of said action and should successfully defend the interest which the plaintiff was offering to convey to her against the threatened claim of J. Kirk Simms before she would pay the purchase price or any part of it."

In her answer, Mrs. McKee set out that after the tender to her in July, 1910, of the deed, and her refusal to accept the same, J. Kirk Simms made to her a quit-claim deed, releasing any interest he might have in the property, and that after this was done it was agreed between the plaintiff and herself that she should pay the plaintiff

$3,000 on February 1, 1911, and $4,000 on March 1, 1911, and "that defendant would pay plaintiff's part of the taxable costs of said partition action of Hall v. Finnell, and the costs of this suit, and that plaintiff would withdraw this suit;" and that in pursuance of said agreement, she did pay the $7,000 and Hall's part of the costs in the partition suit and the costs of the suit to enforce specific performance of the contract.

As the payment of the purchase money and the cost is admitted the only question in the case is, should she be required to pay $200, attorneys' fee incurred by Hall in contesting the claim of Simms to the property after July 22, 1910, when the deed was tendered to her.

The lower court dismissed the petition seeking to recover this $200, and this apppeal is prosecuted to reverse that judgment.

It appears from the evidence on behalf of Hall that Mrs. McKee's only reason for refusing to accept the deed tendered to her in July, 1910, was that she had heard about the claim that J. Kirk Simms was asserting to the land, and that she insisted that Hall should defend this claim, and that there should be a judgment of the court adverse to Simms before she would pay the money. In short, the evidence shows that the attorneys' fee of $200 sought to be recovered from Mrs. McKee was incurred by Hall in defeating the claim of Simms. As Hall could not have required Mrs. McKee to take the land until he had tendered to her a good and sufficient deed, it was his duty to free the land from the claim of Simms before he could compel her to accept the deed.

It will be observed that in the proposition to purchase the land, Mrs. McKee was to have the rent accruing after the delivery of the deed, and the right to continue and maintain for her own benefit the action pending in the circuit court for a partition of the land; and that she agreed "to assume to pay the plaintiff's proper proportion of the taxable costs of said action." This original contract was modified by telegrams of January 30 and 31, 1911. In the first telegram, Mrs. McKee advised Hall as follows: "If you will dismiss suit and pay costs, I will telegraph $3,000, you keep rent and claim no interest; will pay balance of purchase money March 1, 1911," to which Hall answered: "Cannot agree to pay costs of suit; will withdraw same if $3,000 is telegraphed by Wednesday, balance March 1st, or by note, in which event I expect rent in lieu of interest. I have nothing to

do with cost; that you will arrange with Deshea." It is manifest that the costs mentioned in these telegrams referred to the costs of the suit to enforce specific performance of the contract, and not to the costs of the partition suit, as, Mrs. McKee said "if you will dismiss suit and pay costs," and Hall in reply said he would not agree to pay costs but would dismiss suit provided purchase price was paid at the time named in the telegram. So that, the liability of Mrs. McKee to pay $200 costs is to be determined by the original contract. In that contract she agreed to pay Hall's part of the costs in the partition suit, but we do not think this agreement obliged her to pay the costs incurred by Hall in resisting Simms' claim to the land that he proposed to sell Mrs. McKee. The costs in the partition suit she assumed to pay, was the costs incurred in the division of the land and not the costs incurred by Hall in procuring a good title to the land he agreed to convey to her. Hall obliged himself to furnish her a good title, and she was not required to pay his attorneys for their services in obtaining for him this character of title. We think that the stipulation in the contract for the purchase of Hall's interest, whereby she assumed to pay "his proper proportion of the taxable costs of said action" would impose upon her the duty of paying attorneys' fee incurred by him in procuring a partition of the land, as the fees of attorneys employed to obtain a partition of land where there is no contest and nothing to be done except partition, are properly taxable as part of the costs of the action. But Hall in this action is not seeking to recover costs incurred by his attorneys in procuring a division. His claim for $200 is based upon the ground that this fee was incurred by his attorneys in successfully defending the claim to the land asserted by Simms. It is said, however, that this claim asserted by Simms was a frivolous claim, without merit, and did not cast any cloud on the title of Hall, and, therefore, Mrs. McKee should have accepted the deed tendered to her in July, 1910. It may be that the claim asserted by Simms was not meritorious, but it is nevertheless a fact that Simms filed a pleading in the partition suit asserting his claim, and undoubtedly the assertion of his claim in this manner cast a cloud upon the title of Hall and made it necessary for him to remove it before he could tender to Mrs. McKee a good and sufficient deed. A good and sufficient deed is a marketable deed—one that will pass a good title to

the land it purports to convey. We do not agree with counsel that a stipulation in a contract providing that the grantor shall convey :"a good and sufficient deed" is satisfied by a conveyance of any title he may have, whether it be good or bad.

As the only question presented is the liability of Mrs. McKee for attorneys' fee, we think the lower court correctly decided that she did not owe this fee, and the judgment is affirmed.