LOVENTHAL *v.* NOEL *et al.*

(*Nashville,* December Term, 1953.)

Opinion filed March 3, 1954.

WILLIAMS, CUMMINGS & WEST and HUGH C. HOWSER, all of Nashville, for complainant.

WALKER & HOOKER and DAVID M. KEEBLE, all of Nashville, for defendants.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is a suit to recover a real estate commission resulting from a sale of property in the city of Nashville. The property was listed for sale with the complainant, and other real estate agents, by the owners at a price of $80,000. The bill alleged that the complainant procured a purchaser who was ready, willing and able to comply with the offer and that the defendant Trustees accepted the offer. At the time the offer was made, which was in writing, the purchaser tendered a check for $5,000 as earnest money and the same was accepted. This check was deposited in the bank to the credit of the Trustees. The defendants refused to convey the property and shortly thereafter sold it to another for the sum of $82,000. The complainant demanded payment of his commission and being refused he brought this suit.

Following some averments in the answer, not material to this opinion, there appears the following admissions:

"It is true that sometime prior to January 28, 1947, there was listed with complainant and other real estate agents in the City of Nashville, the parcel of real estate described in the bill, and that said property was listed to be sold for the sum of Eighty Thousand ($80,000.00) Dollars.

"It is true that complainant procured a purchaser for said property for the sum of Eighty Thousand ($80,000.00) Dollars, and prepared a written contract of sale, and since the contract is filed as an exhibit to the bill defendants refer to this contract for a more accurate understanding of its contents."

The answer denies that the defendants accepted the offer and approved the sale of the property; that when the offer was made by the complainant he was told that it would have to be approved by the Third National Bank and that while the offer was under consideration Mr. Sam Coleman made an offer of $82,000 in cash, "which offer did not require the trustees to pay a real estate agent's commission."

The Chancellor dismissed the complainant's bill upon the theory that there was no acceptance by the Trustees and hence "no commission was earned." The Court of Appeals reversed the decree of the Chancellor, holding that there was an acceptance, and that the complainant had earned his commission, citing as authority *Hammond* v. *Herbert Hood Co.,* 31 Tenn. App. 683, 221 S. W. (2d) 98, and cases appearing in the opinion. We granted certiorari and the case has been briefed and orally argued by counsel for the respective parties.

Upon a review of the entire record and the law appli-

cable to the issue involved, we think the writ of certiorari was improvidently granted.

 Referring to the undisputed facts it appears without dispute that John H. Noel, Jr., one of the Trustees, signed the contract of sale. But contention is made that the Co-Trustee did not accept in writing, or otherwise, which was necessary to bind the parties as required by the Statute of Frauds, Code, Sec. 7831. It is conceded that a joint approval of the Trustees, evidenced by some memorandum, is necessary to satisfy the statute. We think this appears in the acceptance of the check for $5,000 and the minutes of the bank. The minutes state that Hayes A. Noel and Mary Noel Kershaw, beneficiaries of the estate, also John H. Noel, Jr., had approved the sale at $80,000. The minutes, to which reference is here made, is the best evidence and the same reads as follows:

"A special meeting of the Trust Investment Committee was held on January 31, 1947 at 12:30 o'clock.

"Those present were F. M. Farris, Chairman, B. A. Whitmore, Allen Dobson, Robert P. Cain, W. L. Jones, J. C. Ward and W. J. Diehl, Secretary.

"*Trust No. 785, Trustee, O. F. Noel Estate*

"Upon a motion of B. A. Whitmore, seconded by J. C. Ward the Trust Officers were authorized to sell the lot and building located on the corner of Fourth Avenue North and Commerce Street, fronting 52' 7" on Fourth Avenue and running back 174' 3" on Commerce Street, at a price of $80,000.00 cash or better. We have the previous approval of John H. Noel and Hayes A. Noel covering this sale. We also have the approval of Mary Noel Kershaw covering this sale.

"There being no further business, the meeting adjourned.

"/s/ F. M. Farris
Chairman.

"/s/ W. J. Diehl
Secretary."

We think the minutes, and other evidence referred to, fully satisfies the statute. Moreover we think this is an acceptance in law as well as in fact.

The right of the complainant to his commission is not rested entirely upon the admitted fact that the property was "listed" with him for sale, but upon the determinative fact that the owner fixed the price, and the complainant procured a purchaser who was ready, willing and able to buy at that price; also the additional fact that the minutes show an acceptance. While the approval of the sale "at a price of $80,000.00 cash, *or better*" is qualified in a sense by the use of the words "or better" this does not change the original contract. The offer of $80,000 was under consideration and the fact that there was a possibility of an offer of an increased price does not abrogate the agreement and the implied promise to pay the agent his commission, the consideration being that he had procured a purchaser which inured to the benefit of the property owner.

The minutes, when fairly interpreted, mean simply this: that the trustees agree to a sale of the property at the price listed, but would prefer to sell at a "better" price. The agent had rendered a valuable service to the property owner by finding a purchaser who could pay the listed price. Any difficulty the owner may have had in selling was at an end. But their laudable desire to get more money for it did not in any sense alter the fact that the complainant had done all he could to effect a sale and was therefore entitled to his commission.

We think the Court of Appeals was correct in holding:

"The question is not whether or not there was a valid contract of sale between the Stillmans and the defendants but whether or not the complainant is entitled to commissions."

In support of this settled rule of law there is cited among other cases, *Cheatham* v. *Yarbrough,* 90 Tenn. 77, 78, 15 S. W. 1076. In that case the agent found a purchaser who was "ready, able, and willing to buy"; he had brought the parties together, but the sale was not consummated because the purchaser found a defect in the title. The Court ruled that the agent was entitled to his commission, using the following language:

"Under these facts, the agents were entitled to compensation, the same as if the sale had been completed, for they had done all that the law required them to do under their contract." Citing numerous authorities.

To the same effect is *Woodall* v. *Foster,* 91 Tenn. 195, 18 S. W. 241; *Nance* v. *Smyth,* 118 Tenn. 349, 99 S. W. 698; and *Siler* v. *Perkins,* 126 Tenn. 380, 149 S. W. 1060, 47 L. R. A., N. S., 232.

The decree of the Court of Appeals is affirmed.