COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

March 24, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

TRULA MUGFORD REALTY,           ) C/A NO. 03A01-9709-CV-00412
                                )
          Plaintiff-Appellant,) 
                                )
                                )
                                )
                                ) APPEAL AS OF RIGHT FROM THE
v.                              ) GRAINGER COUNTY CIRCUIT COURT
                                )
                                )
                                )
                                )
CLAY LETHCO,                    )
                                ) HONORABLE BEN W. HOOPER, II,
          Defendant-Appellee. ) JUDGE


For Appellant                        For Appellee

ANDREW J. EVANS, JR.                 CREED A. DANIEL
Knoxville, Tennessee                 Rutledge, Tennessee


O P I N I O N


REVERSED
REMANDED WITH INSTRUCTIONS                        Susano, J.

The plaintiff real estate agency brought this civil action[1] to recover a commission allegedly due it for services rendered with respect to the sale of 114.5 acres of real property in Grainger County. Following a bench trial, the Circuit Court dismissed the complaint, predicated primarily on the fact that the sale did not close. The plaintiff appealed, arguing that it is entitled to a commission under the terms of the listing agreement signed by the defendant.

We review this non-jury case pursuant to Rule 13(d), T.R.A.P. The record comes to us with a presumption of correctness that we must honor unless the evidence preponderates against the trial court's factual findings. *Id*. There is no presumption of correctness as to the trial court's conclusions of law. *Ganzevoort v. Russell*, 949 S.W.2d 293, 296 (Tenn. 1997).

On July 21, 1993, the parties entered into a "Sales Agency Contract," by the terms of which the plaintiff, Trula Mugford Realty ("Mugford"), was granted "the sole, exclusive and irrevocable right," for a specified period of time, to sell 114.5 acres of real property in Grainger County. The defendant, Clay Lethco ("Seller"), is reflected on the listing agreement as the sole owner of the property. There is nothing in the agreement to indicate that Seller is anything other than the fee simple owner of the subject property. Included among the agreement's "Terms and Conditions" is the following:

_____

[1]This action was originally brought in the Grainger County General Sessions Court. Following an adverse ruling there, the plaintiff appealed to Circuit Court. Throughout these proceedings, the plaintiff has sought a money judgment in the amount of $9,999.99.

> TITLE.  I warrant that I am the owner of the
> property or have the authority to execute
> this contract and sell the property.  Should
> the property be sold, I agree to furnish the
> purchaser a good and sufficient Warranty
> Deed.

During the period of the listing agreement, Mugford showed the property to Chris C. Mynatt ("Purchaser"). Thereafter, on January 29, 1994, Seller and Purchaser, with the active involvement of Mugford, entered into a "Sales Contract," by the terms of which they agreed that Purchaser would buy the subject property for $125,000.  The Sales Contract provides, among other things, as follows:

> In case merchantable title cannot be shown or
> perfected..., earnest money to be returned
> and contract cancelled.

The sale was not consummated because Seller's former wife, Stella Lethco, who is not a party to either agreement, refused to convey her one-half interest in the property's minerals that had been awarded to her in their 1977 divorce.  While Seller was chargeable with knowledge of this outstanding interest impinging on his fee simple title when he listed the property with Mugford, neither Mugford nor Purchaser was aware of it until after the Sales Contract was executed.  A title report ordered and paid for by Purchaser revealed Ms. Lethco's interest.

This case is controlled by the decision of the Supreme Court in *Cheatham v. Yarbrough*, 90 Tenn. 77, 15 S.W. 1076 (1891). In that case, the listing agent secured a purchaser who was willing to purchase the property on terms satisfactory to the

3

seller.  The sale was not consummated because of a defect in the seller's title.  As in the instant case, the defect was not known to the listing agent until "disclosed by the purchaser." *Id*. 90 Tenn. at 78.  In holding that the listing agent was entitled to his commission, the Supreme Court opined as follows:

> The just and well-settled rule of law requires that the agent shall be paid his compensation when he procures a purchaser who is acceptable to the principal, and ready, able, and willing to buy on the agreed terms, though in fact the sale be not ultimately consummated, provided its consummation is prevented by the fault, refusal, or defective title of the principal.  (Citations omitted).
>
> \*     \*     \*
>
> The objection to the title of [the seller] was not a captious one.  On the contrary, it was made in good faith, because of a real defect, by a person who would otherwise have been glad to purchase the property at the price and on the terms required by [the seller].  The contract made by [the seller] with the plaintiffs was in the ordinary terms.  That they were to receive their compensation out of the proceeds of sale, did not make their right to compensation dependent, at all events, on the completion of the sale.  If they performed their part of the contract, and the trade was defeated alone by the inability of their principal to make a good title, as is conclusively shown to have been the fact, then they should receive compensation for their services, though it cannot be paid as agreed, out of the purchase money.  There is nothing in the contract, nor in any fact or facts disclosed in the record, to take the case out of the operation of the general rule of law stated above.

*Id*. at 79-80.  *See also **Loventhal v. Noel***, 265 S.W.2d 891, 893 (Tenn. 1954); ***Parks v. Morris***, 914 S.W.2d 545, 548 (Tenn.App. 1995); ***Smithwick v. Young***, 623 S.W.2d 284, 291 (Tenn.App. 1981).

4

In the listing agreement now before us, Seller agrees "to furnish a good and sufficient Warranty Deed." It is clear that "[a]n agreement to convey by a good and sufficient warranty deed requires a good and perfect title, as well as a good and sufficient warranty deed." 7 GEORGE W. THOMPSON, COMMENTARIES ON THE MODERN LAW OF REAL PROPERTY § 3177 (1962 repl.) (hereinafter "THOMPSON"). In *Hall v. McKee*, 147 Ky. 841, 145 S.W. 1129 (1912), the Kentucky Court of Appeals made the following statement:

> A good and sufficient deed is a marketable deed -- one that will pass a good title to the land it purports to convey. We do not agree with counsel that a stipulation in a contract, providing that the grantor shall convey "a good and sufficient deed," is satisfied by a conveyance of any title he may have, whether it be good or bad.

*Id*. 145 S.W. at 1130-31. We agree with the Kentucky court.

Seller argues that he should not be faulted for his inability to furnish a "good and sufficient Warranty Deed." He suggests that his former wife is the "culprit." He also argues that Mugford is "at fault in not checking regarding [his] title." We disagree on both counts. As previously indicated, Seller's warranty on the listing agreement includes an assertion that amounts to a statement that he has "perfect title." *See* THOMPSON. He does not. Furthermore, there is nothing in the listing agreement imposing an obligation on Mugford to verify Seller's title.

5

In the instant case, the Sales Contract produced as a result of Mugford's efforts was not consummated, solely because the Seller could not deliver a merchantable title as he had agreed to do. His inability to do so was due to the existence of his former wife's interest in the minerals on the property. This inability to convey good title was unknown to Mugford until after the Sales Contract was executed. The listing agent was totally without blame in the failure of the sale to close. It had done everything it was required to do in order to receive its commission. The commission sought -- $9,999.99 -- is within the percentage compensation provided for in the contract, and the plaintiff is entitled to it.

The judgment of the trial court is reversed. Costs on appeal are taxed to the appellee. This case is remanded to the trial court for the entry of an order awarding the appellant a judgment for $9,999.99 and court costs against the appellee.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Don T. McMurray, J.

6