FRANK A. CARNES & another *vs.* EDWARD O. HOWARD.

Suffolk.    January 8, 1902. — February 28, 1902.

Present : HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Agent,* Broker's Commission.  *Practice, Civil,* Rulings and Instructions.

If a real estate broker employed to effect an exchange of lands procures in good faith a binding contract on the required terms, he has earned his commission whether the contract is carried out or not.

A ruling rightly may be refused which calls for a finding of fact not necessarily to be inferred as matter of law from the evidence.

CONTRACT by real estate brokers for a commission of $250 for negotiating an exchange of certain real estate belonging to an estate of which the defendant was executor on Highland Street, in that part of Boston called Roxbury, for a house, barn and land at Natick belonging to one Charles H. Spring.  Writ in the Municipal Court of the City of Boston dated July 27, 1900.

Coming on appeal to the Superior Court, the case was tried before *Braley,* J., without a jury.  It was agreed, that in the transaction in question the plaintiff Hardy acted as broker for both parties, to be paid in part by each, and that the amount of

commission to be paid to him by the defendant, if earned, was $250. It appeared, that Hardy procured the execution of the following agreement :

" This Agreement, made this thirtieth day of April, 1900, by and between Charles H. Spring, of Wellesley, in the State of Massachusetts, of the first part, and E. O. Howard, executor of the O'Toole estate of Boston, in the State of Massachusetts, of the second part, Witnesseth : That the party of the first part shall convey to the party of the second part a certain property at No. 15 Prospect street, Natick, Mass., consisting of house, barn and ten and one-half acres of land, subject to a first mortgage of three thousand dollars at 5% per annum, and a second mortgage of $1500 at 6% interest, taxes and all other charges to be adjusted to date of passing papers and a cash payment of forty-five hundred (4500) dollars. In consideration whereof the said party of the second part shall convey to the party of the first part, providing authority can be obtained from the probate court therefor, four houses numbered 69, 71, 73 and 75 Highland street, Roxbury District, Boston, Mass., subject to four first mortgages only, aggregating eighteen thousand (18,000) dollars, interest, taxes and all other charges and rents to be adjusted to May 1st, 1900. Papers to be passed as soon as proper license is obtained from probate court. And for a valuable consideration we, the said parties of the first and second part, further agree to pay a broker's commission. And it is mutually agreed that in the event of a failure of the parties of the first or second part, who have each paid two hundred dollars this day to bind this bargain, to perform their part as aforesaid, the said payment of the party at fault shall be forfeited to the said other party and he may retain the same for his damages, but in no way shall it be construed as to liquidate damages for failure to perform this contract. This agreement to be void if not accepted by twelve o'clock noon on May 1, 1900. In witness whereof the said parties hereto, and to another instrument of like tenor, set their hands and seals on the day and year above written. Charles H. Spring. [Seal.] E. O. Howard, Exor. [Seal.] "

It appeared, that on the same day Howard deposited with the plaintiffs his note for $200 payable to Spring. Spring did not

deposit a corresponding note to Howard, and, being called as a witness by the defendant, testified, that he had said to Hardy that he would deposit whatever Howard did, but that Hardy did not ask him to deposit a note. There was conflicting evidence as to whether Howard agreed to get the note from Spring.

The defendant testified, that he had applied to the Probate Court for leave to sell the real estate and had published notice of the petition and made return thereof, but that he did not complete the proceedings because he was notified that Spring declined to carry out the transaction.

The defendant requested the judge to rule as follows:

1. If the agreement between the defendant and Spring is not binding on Spring, the plaintiffs cannot recover.

2. The agreement between the defendant and Spring was not binding on Spring, as it was not completed on his part.

3. It was the duty of the plaintiffs to effect the complete execution of a binding contract, in order to entitle them to commissions.

4. If the plaintiff, Hardy, agreed with the defendant to obtain from Spring a note of $200, and neglected to do so, the plaintiffs cannot recover.

6. The plaintiffs are bound to show that, when the license mentioned in the agreement was obtained, or might have been obtained by the defendant, Spring still had the property which he was to exchange, and that it was possible for him to carry out the trade.

8. That the plaintiffs cannot recover, because the evidence shows that they did not use good faith toward the defendant, in their failure to obtain from Spring a note to offset the note deposited by Howard.

9. There is no evidence to justify a finding that the provision of the contract for depositing the note was waived by the defendant.

The judge gave the rulings numbered 1, 3 and 4, and refused to give those numbered 2, 6, 8 and 9.

The judge found for the plaintiffs in the sum of $262.50; and the defendant alleged exceptions.

*C. W. Cushing*, for the defendant.

*E. B. Gibbs*, for the plaintiffs.

HAMMOND, J.   At the request of the defendant the presiding judge ruled that "It was the duty of the plaintiffs to effect the complete execution of a binding contract, in order to entitle them to commissions," and under the other rulings adopted by him he must have found as facts that the plaintiff Hardy did not agree with the defendant to obtain from Spring a note for $200, and that the agreement between the defendant and Spring was binding on the latter.   The evidence as to whether Howard agreed to get the note from Spring was conflicting, and warranted the finding against the defendant on that point.   The finding that the agreement was binding on Spring was also warranted by the evidence.

The other requests were rightly refused, the second because it involved a question of fact which upon the evidence was found against the defendant, the sixth because at least in the absence of bad faith or fraud on the part of the defendant it is not a correct statement of the law; *Roche* v. *Smith*, 176 Mass. 595, and cases therein cited; and the eighth and ninth because each called for a finding of fact not necessarily to be inferred as matter of law from the evidence.   The evidence was such that the judge might properly find that the plaintiffs acted throughout in good faith towards the defendant, and that the defendant waived the provision of the contract concerning the deposit of a note by Spring, if indeed such waiver was material.

*Exceptions overruled.*