HONORA O'KEEFFE, administratrix, *vs.* JOHN P. SQUIRE
COMPANY.

Suffolk.    March 9, 1905. — May 19, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Practice, Civil,* Exceptions.    *Negligence,* Employer's liability.

An exception to a ruling, that the plaintiff is not entitled to recover, must be over-
ruled if the ruling can be sustained on any ground, and the defendant's rights
are not narrowed by any reason which the presiding judge may have given for
his ruling.

If, in an action of tort for personal injuries from alleged negligence of the defend-
ant, the presiding judge orders a verdict for the defendant and states that he
does so solely on the ground of the plaintiff's want of due care, this court on
exception by the plaintiff may sustain the verdict against him on the ground
that there was no evidence of the defendant's negligence whether the plaintiff
was in the exercise of due care or not.

If an experienced working foreman is sent with two men under him by a general
superintendent to clean up a room which for some months has been unused, his
employer owes him no duty to warn him of a defect in the floor of the room
from the boards being warped or sprung.

TORT, by the widow of Timothy O'Keeffe, also the administra-
trix of his estate, for the death and conscious suffering of her
husband and intestate alleged to have been caused by an acci-
dent sustained by him on September 25, 1901, while in the
employ of the defendant.    Writ dated January 7, 1902.

At the trial in the Superior Court *Hitchcock,* J. ordered a ver-
dict for the defendant, ruling that the plaintiff was not entitled
to recover, on the ground quoted in the first paragraph of the
opinion.    The plaintiff alleged exceptions.

*P. M. Keating,* (*J. Walsh* with him,) for the plaintiff.

*W. H. Hitchcock,* for the defendant.

HAMMOND, J.    At the close of the evidence the presiding
judge, in reply to a request of the defendant that a verdict be
directed for the defendant, said to the jury : " I am asked by the
defendant to rule that upon the whole evidence the plaintiff is
not entitled to recover.    I make that ruling but base it upon the
statement that the plaintiff in this case has not shown that her
intestate was in the exercise of due care at the time when he was

injured. You are therefore directed to find a verdict for the defendant." The ruling was that upon the evidence the plaintiff was not entitled to recover. If this ruling can be sustained upon any ground, the exceptions should be overruled. The defendant's rights are not narrowed by the reasons given by the presiding judge.

Whether the question of the due care of the plaintiff was a question for the jury we have not found it necessary to consider, because we are of opinion that there is no evidence of negligence on the part of the defendant. The plaintiff's intestate had been in the employ of the defendant for thirty years. He was a working foreman, having sometimes twenty or thirty men under him. He thus is shown to have been an experienced man. The room, which was three hundred feet in length and the same in width, formerly had been used for " cold storage," but had been unused for several months before the accident. The plaintiff's intestate was ordered by Crowley, the general superintendent, to take two men and go to the room and clean it. We do not understand it to be contended that he did not know that the room had been out of use for some time ; and the nature of the order given to him in connection with the general appearance of the room, in which there were " about forty empty boxes " as well as " some shutes or troughs " from eighteen to twenty feet long, must have indicated to him that the room was not then in a condition for use. This is not a case in which a workman is put at his ordinary work in a room under circumstances which justify him in believing that he is expected to attend to the work without paying any particular attention to the safety of his surroundings. The duty here was to clean up a room which for some months had been unused. The plaintiff's intestate was an experienced man, and he had the supervision of the job. Some of the boards of the floor " were warped or sprung into V shape," but no other defect is suggested. Under these circumstances the defendant owed no duty to the plaintiff's intestate to inform him of these defects in the floor. It had the right to assume that in view of the nature of the job, the experience of the intestate, and the obvious condition of the floor, he needed no instructions or warning in this respect. The case must be classed with cases like *Kanz* v. *Page*, 168 Mass. 217.

*Exceptions overruled.*