### FRANCIS B. MUNROE *vs.* ANN E. TAYLOR.

Middlesex.    March 6, 1906. — May 16, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Agency*, Commission. *Broker.    Contract.*

If an agreement in writing between a real estate broker and the owner of land authorizes the broker to sell the land for a price named and provides that "all over that amount that it is sold for" the broker "has as his commission," and if a subsequent agreement naming a somewhat higher price provides that the broker "is to have for himself as commission all over that amount he can get for it," the commission is not earned by making a binding contract of sale for a price above that fixed by the agreement, which for some reason that does not appear is not carried out, the contract being one not merely to find a purchaser but to effect a sale, and the broker cannot recover on the contract or on a *quantum meruit* without showing a completed sale or showing that the owner when offered the purchase money refused to convey the land.

BRALEY, J.    This is an action of contract to recover a broker's commission for effecting an alleged sale of certain real estate belonging to the defendant. In the Superior Court at the close of the evidence a verdict was directed for the defendant, and the case is before us on the plaintiff's exceptions to this ruling, and the question presented is whether upon the evidence the plaintiff is entitled to be paid for his services.

Whatever contract is found to have existed between the par-

ties was entered into by the defendant, acting through her daughter as an agent. The first agreement made May 1, 1899, placed the property which consisted of a tract of land of about eight acres, with buildings thereon, in the plaintiff's hands for sale under these terms, "The price asked by Ann E. Taylor is $10,000. All over that amount that it is sold for F. B. Munroe has as his commission for selling the property. This agreement holds good until Ann E. Taylor withdraws the sale of the property." It does not clearly appear what steps, if any, were taken by the plaintiff to effect a sale before the second contract of May 31, 1900, was executed. By this contract after a description of the estate, it was provided, that the plaintiff was empowered to sell the property "for the sum of $10,330, and F. B. Munroe is to have for himself as commission all over that amount he can get for it. The party that buys this property is to pay the taxes for the year 1900. This holds for the year 1900." With the exception of the amount to be paid, the assumption of taxes, and the limitation of the time within which it was to be performed, the terms of the agreement so far as they relate to the payment of a commission do not differ. In both the plaintiff upon making the sale was to receive as his compensation all that he could obtain beyond a certain sum. On April 10, 1901, as a result of his negotiations a binding contract to purchase at a price largely in advance of the amount fixed by the second agreement was made and duly executed by the purchaser and the defendant, and if this sale had been perfected by passing the title he would have earned the difference, less, however, a small sum which he previously had received from her. But the sale never was consummated, although the reasons for the failure are not disclosed. While it appears that the plaintiff attached the property as security for his claim there is no evidence that the sale fell through by reason of this act, or that the purchaser declined to take a deed because of certain supposed imperfections in the title, which finally are shown not to have existed; nor does it appear that at any time the defendant has refused to make a proper deed of conveyance. It is the plaintiff's contention that having found a customer who became bound to buy, his commission had been earned, within the rule stated in *Fitzpatrick* v. *Gilson*, 176 Mass. 477, 478. See *Cadigan* v.

*Crabtree,* 179 Mass. 474, 481; *Monk* v. *Parker,* 180 Mass. 246; *French* v. *McKay,* 181 Mass. 485.

No question of pleading is presented, for the declaration, which is on an account annexed, must be treated either as a *quantum meruit,* or as a count to recover a stated sum due upon the performance of a contract in writing but not under seal. *Lovell* v. *Earle,* 127 Mass. 546. *Bowen* v. *Proprietors of South Building,* 137 Mass. 274. And the case turns upon the construction which is to be given to the contract. By the language used it is manifest that the price at which the property sold was to fix the amount of the plaintiff's commission. It was contemplated that an actual sale should be effected, and that payment to him should be made from the price obtained, and it was not an undertaking whereby the broker is only to find a purchaser, and having done so it becomes wholly immaterial so far as earning his commission is concerned whether the principal accepts the bargain, or lets the opportunity lapse. Neither does it fall within the principle of *Cadigan* v. *Crabtree,* 186 Mass. 7, 13, that where the agent, when at the point of a successful negotiation, has his authority revoked by the principal, who afterwards effectuates a sale with the proposed purchaser, evidence is thus furnished from which it can be found that the withdrawal of authority was made in bad faith, and for the purpose of enabling the principal to escape payment of a commission. But here the written agreements out of which the plaintiff's right of action arises, either considered separately or together, must be construed as meaning that the sale was to be completed, and then out of the price any surplus beyond the amount stipulated which the defendant was to receive should be paid to him for his services. What the plaintiff really undertook was not only to find a purchaser at a fixed price, but to effect a sale, which meant a payment of that price, and this having been done he would have earned the excess, but until the consideration became payable, or the defendant refused to convey, he could not demand any remuneration, or maintain an action for breach of the contract. *Walker* v. *Tirrell,* 101 Mass. 257.

*Exceptions overruled.*

*S. H. Tyng,* for the plaintiff.
*G. L. Mayberry,* for the defendant.