MOSES M. COHEN vs. OLIVER AMES & others, trustees.

Suffolk.   January 11, 1910. — February 24, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Agency,* Broker's commission, Double employment.   *Broker.*

In an action by a real estate broker to recover a commission for procuring a tenant for certain premises of the defendant, where the plaintiff introduces evidence tending to prove that the defendant employed him to procure such a tenant and that the plaintiff brought to the defendant a person who was able, willing and ready to become a tenant of the premises on the defendant's terms, and that the defendant agreed to accept this person as a tenant but afterwards refused to give him a lease, if the person thus alleged to have been procured by the plaintiff as a tenant testifies that, when the premises in question were occupied by another tenant, he told the plaintiff that he would give him $500 if he would secure a lease of the premises for him, this is not a sufficient ground for ordering a verdict for the defendant, because the jury may not believe the testimony, or may find that there was merely a promise or an offer of a promise which never was accepted by the plaintiff, so that at most the question whether there was a double employment which would prevent the plaintiff from recovering is one of fact for the jury.

A real estate broker, who is employed by a landowner merely to procure a tenant for certain premises, becomes entitled to a commission if he procures a customer who is able, willing and ready to become a tenant of the property upon the terms fixed by the owner and the owner accepts the customer as a tenant, and if the owner afterwards refuses to give a lease or otherwise to carry out the transaction, this does not affect the broker's right to his commission.

In an action by a real estate broker to recover a commission for procuring a tenant for certain premises of the defendant, there was evidence on which it could have been found that the plaintiff was employed by the defendant to see a certain person and bring him to the defendant and that it was agreed that, if the defendant accepted this person as a tenant when brought to him by the plaintiff, the plaintiff should be paid the ordinary broker's commission, that the person was so brought by the plaintiff and was accepted by the defendant as a tenant, who began to make out a lease to him which the proposed tenant was ready to accept and comply with, but that, objection being made to the proposed tenant by other tenants in the defendant's building, the defendant refused to give him any lease or to let him into the building.   *Held,* that the plaintiff was entitled to go to the jury.

CONTRACT, by a real estate broker for $1,275 as a commission of one per cent for securing a tenant for certain premises in a building owned by the defendants numbered 63 on Bedford Street in Boston for a term of fifteen years at the rate of $8,500 a year.   Writ in the Municipal Court of the City of Boston dated August 1, 1906.

On appeal to the Superior Court the case was tried before *Hardy*, J. The evidence of the plaintiff tended to prove that the plaintiff was employed in behalf of the defendants by one Cole to secure as a broker a tenant for the property in question, which the defendants owned as trustees, that the plaintiff brought to the defendants one Wyman who was able, willing and ready to become a tenant of the property on the defendants' terms, and that a lease on their terms was agreed upon between Wyman and the defendants, which the defendants afterwards refused to execute. The findings which were warranted by the evidence are stated in the opinion.

The testimony of Wyman in regard to his offering to pay the plaintiff for procuring a lease, which is referred to in the opinion, was that while the premises were occupied by certain tenants who went into bankruptcy Wyman tried to buy their lease from them before they failed, and that before they had decided not to continue in business he told the plaintiff that he would give him $500 if he would secure a lease of the premises for him.

At the close of the evidence the judge ordered a verdict for the defendants; and the plaintiff alleged exceptions.

*M. M. Johnson*, for the plaintiff.

*A. F. Clarke*, for the defendants.

SHELDON, J. 1. It could not be ruled as matter of law that the plaintiff must fail in this action because he was to be paid by Wyman for procuring a lease from the defendants, and so had an individual interest adverse to that of the defendants, under the doctrine of *Sullivan* v. *Tufts*, 203 Mass. 155. The jury might not believe the testimony of Wyman. Or they could find that there was merely a promise or an offer. of a promise voluntarily made by Wyman, but never accepted by the plaintiff, which never had become an agreement between them. The most that can be said is that it presented a question for the jury.

2. We are of opinion that upon all the evidence the question of Cole's authority to bind the defendants by making a contract in their behalf with the plaintiff was for the jury, although the evidence is meagre.

3. A real estate broker may entitle himself to recover a

commission by proof that it was he who, having been employed for that purpose, really brought about a sale or lease concluded by the owner of the property, that his efforts were the efficient cause of the sale or lease. Cases in which this was done, among others which might be cited, are *Desmond* v. *Stebbins*, 140 Mass. 339; *Gleason* v. *Nelson*, 162 Mass. 245; *Dowling* v. *Morrill*, 165 Mass. 491; *Hall* v. *Grace*, 179 Mass. 400; *French* v. *McKay*, 181 Mass. 485; *Willard* v. *Wright*, 203 Mass. 406. To recover upon this ground, it must be shown that an actual sale or lease was made. *Munroe* v. *Taylor*, 191 Mass. 483. The plaintiff does not seek to recover upon this basis.

A broker who is employed merely to procure a purchaser or tenant becomes entitled to a commission if he procures a customer who is able, ready and willing to take the property at the price and upon the terms fixed by the owner, and whom the owner accepts. *Taylor* v. *Schofield*, 191 Mass. 1. *Monk* v. *Parker*, 180 Mass. 246. *Fitzpatrick* v. *Gilson*, 176 Mass. 477. It does not affect the broker's right in such a case that the owner afterwards refuses to carry out the transaction. *Carnes* v. *Howard*, 180 Mass. 569. It is upon this ground that the plaintiff bases his claim.

On the evidence, we are of opinion that the jury might have found that the plaintiff, after the failure to accomplish anything in November, 1905, was employed to see Wyman and bring him to the defendants, and that if the defendants accepted Wyman as a tenant, they were to pay the plaintiff the ordinary broker's commission. It could have been found that the condition was not, as it was contended to be by the defendants, that they should execute a lease to Wyman, but merely that they should accept him as a tenant. This would entitle the plaintiff to recover if it should be shown that they had accepted Wyman as their tenant. There was evidence that they came to an agreement with him to accept him, and began to make out a lease to him, and that Wyman was ready to accept a lease and able to comply with its terms. But it appeared that then, upon objection being made by other tenants in the building to any part thereof being leased to Wyman, the defendants finally refused to let him into the building or to give any lease to him. The question is whether upon this evidence, taking the most favorable

view for the plaintiff, the jury would have had a right to find that the defendants had once accepted Wyman as their tenant, and that all the terms of the proposed tenancy had been agreed upon so that nothing was left to be done except to write out and execute the proposed lease. We are of opinion that the jury could so have found. In *Smith* v. *Kimball,* 193 Mass. 582, relied on by the defendants, the only agreement made by the defendant was to pay the plaintiff a commission if he procured a sale of the property; the plaintiff never did this; and the defendant never accepted a customer who was brought to him by the plaintiff.

*Exceptions sustained.*