FRANK V. NOYES *vs.* JOSEPH H. CALDWELL.

Suffolk.     November 14, 1913. — February 26, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Broker,* Commission. *Contract,* Construction. *Agency. Evidence,* Competency, Opinion. *Practice, Civil,* Exceptions.

If the owner of certain real estate authorized a broker to sell it for a stated sum, agreeing that "all over" that amount the broker "was to get," nothing becomes due to the broker until a sale for a sum in excess of that stated has been completed.

At the trial of an action where the interpretation of an oral contract, made with a third party by an agent on behalf of but in the absence of his principal, is a material question, and the agent and the third party have testified on the subject, testimony by the principal as to his understanding of the contract is immaterial.

On an exception by the plaintiff in an action upon a special contract to a ruling of the trial judge ordering a verdict for the defendant, if on the declaration the ruling was correct, it is not open to the plaintiff to contend that the exception should be sustained because on the evidence the plaintiff might have recovered a verdict if a different contract had been alleged in the declaration. In the present case the evidence did not warrant a verdict for the plaintiff on any form of declaration that he could have adopted.

CONTRACT for a commission which the plaintiff alleged that the defendant had agreed to pay to him "if he should obtain a purchaser" of certain real estate of the defendant "for the sum of $9,750," the plaintiff further alleging that he had procured such a purchaser. Writ in the Municipal Court of the City of Boston dated August 27, 1912.

On appeal to the Superior Court the case was tried before *Hitchcock,* J. It appeared that, at the time of the trial, no sale of the property had been consummated. Other material facts are stated in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*J. F. Cavanagh & P. A. Hendrick,* for the plaintiff.

*H. W. B. Cotton, E. D. Sibley & J. R. Cotton,* for the defendant.

LORING, J. This is an action to recover $243.75, as a broker's commission on the sale of the defendant's real estate. It was

admitted that the plaintiff, Bates and two other brokers had been employed by the defendant to find a purchaser for the property in question. The price originally fixed by the defendant was $10,000 net. By this we understand that the purchaser was to pay $10,000 and the broker's commission. At some time (not stated in the bill of exceptions) before the matters which gave rise to this action, the plaintiff, acting through an employee (one Cox by name), had brought to the defendant an offer of $9,000, and the defendant testified that he understood that this offer came from one Curtis. This was refused by the defendant. Both Cox and the defendant testified that at this interview the defendant told Cox that the plaintiff could sell the property for $9,500 net, and all over that was to go to the plaintiff. Cox testified that after this he saw Curtis "at various times," and that on Thursday, August 22, or Friday, August 23, "he made an oral agreement with said Curtis whereby Curtis agreed to buy the property for $9,750;" that "no papers were signed at that time, but Curtis told him to return the following Monday with his agreements." The defendant testified "that shortly after he had given the price of $9,500 net to Cox, he was approached by said Bates, and that through this Bates an agreement dated August 26, 1912, was signed between Caldwell and this same Curtis whereby Caldwell agreed to sell and Curtis to buy the property for the sum of $9,000, commission on said sale to be paid by Curtis." Cox testified that on Monday, August 26, at about 4.30 P. M., he presented to Curtis an agreement of purchase for $9,750, which Curtis refused to sign.

It is plain that the offer testified to by Cox and the defendant was an offer like that in question in *Munroe* v. *Taylor,* 191 Mass. 483, where nothing is due to the broker unless a sale is made. Cox testified "that he was authorized by the defendant to sell the property at $9,500 net; that all over that amount Noyes was to get." The defendant's testimony was: "That said Cox was given authority to sell at $9,500 net to the defendant, all over which amount Cox or Noyes was to get." Such an offer is an option to sell to the broker or his nominee rather than an authority to the broker to find a customer. But whichever view of it is taken, nothing is due unless a sale is made and carried through.

The plaintiff testified: "That he understood the price $9,500

net to mean that the defendant should receive at least that amount from the sale of the property no matter how little or how much over the $9,500 the property actually sold for, but that the plaintiff did not understand that it meant everything in excess of $9,500 (nor was it his custom to take such excess), but that if the property brought $9,750 that the defendant was entitled to all in excess of $9,500 less a commission of two and a half per cent." But the plaintiff's understanding of the trade made between Cox and the defendant and testified to by them does not affect the true construction of the trade made. See *Butterick Publishing Co.* v. *Fisher,* 203 Mass. 122.

Although the only commission claimed by the plaintiff in his declaration is a commission for procuring a customer at the price of $9,750, we understand the plaintiff to contend that he is entitled to a commission on the ground that his services were the effective cause of the sale actually made to Curtis for the price of $9,000. This contention is not open to the plaintiff. Since the ruling directing the jury to find a verdict for the defendant may have been made because of the terms of the declaration, and if made for that reason it was right, an exception taken to it cannot be said to be wrong. Such a case also comes within the doctrine acted upon in *Parrot* v. *Mexican Central Railway,* 207 Mass. 184, that a ruling may be supported in this court on a ground "never referred to or thought of by the judge or counsel at the trial." Indeed that doctrine goes farther still and extends to a case where a right ruling is made for a wrong reason. *Bean* v. *Hubbard,* 4 Cush. 85. *O'Keeffe* v. *John P. Squire Co.* 188 Mass. 210.

The opposite result is reached in case of a ruling which is right except for the pleadings, and the pleadings were not referred to when the ruling was made. In such a case, if the state of the pleadings had been called to the attention of the presiding judge, the objection could have been avoided by an amendment. The objecting party who intends to rely on the state of the pleadings in support of his objection must bring that fact to the attention of the presiding judge at the time the objection is taken. If he does not do so he cannot be heard afterwards to support his objection on that ground. *McLean* v. *Richardson,* 127 Mass. 339.

We have less hesitancy in disposing of this latter contention on

this technical ground because it is apparent that the evidence in the case did not warrant a verdict in the plaintiff's favor on any pleading that he could have adopted.

The entry must be

*Exceptions overruled.*