FRANK M. CARPENTER *vs.* JOHN F. BLAKE & another.

Middlesex.  November 19, 1924. — January 28, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Broker*, Commission.

If an owner of real estate stated to a real estate broker that he wished to receive $5,000 for the sale of his property, and the broker stated that he could "get $5,500," and the owner then agreed that the broker "could retain for his commission" all above $5,000 which he "could secure," the broker does not earn a commission by securing a customer with whom the owner makes an agreement in writing for the sale of the land at $5,500, if the sale is abandoned without fault on the part of the owner and because the purchaser is unable to secure funds or make financial arrangements to complete the purchase.

CONTRACT, with a declaration as amended in two counts, the first count upon an account annexed for a commission of $500 "for selling house on Chestnut Street, Everett," and the second count being upon an alleged agreement by the defendant to pay to the plaintiff for procuring a customer at $5,500, whom the defendant accepted. Writ dated July 21, 1920.

In the Superior Court, the action was heard by *Walsh*, J., without a jury. He made findings of specific facts, among which were the following: that the substance of a talk of the plaintiff and the defendant Joseph (misnamed John in the writ) F. Blake regarding the sale of the defendant's house

"was that the Blakes wished to sell their house and wanted $5,000; that there were two mortgages on the property; one for $2,200 and one for $1,000, which latter mortgage Blake said he would take care of from the proceeds of the sale, but that Carpenter said he could get $5,500 for the property and later Joseph F. Blake stated that he wished $5,000 and all above that which Carpenter could secure he could retain for his commission; that nothing further was said about commission;" that the plaintiff brought as a purchaser one Mrs. Charlena Phair at the stated purchase price of $5,500, $5,000 "net" to the defendants; "that the agreement was that Carpenter was to receive all over $5,000 he could get in selling the property; and that all the Blakes demanded was $5,000 or $1,800 over and above the two outstanding mortgages of $2,200 and $1,000 respectively; that the Blakes were at all times willing to coöperate in consummating the agreement and the husband Joseph F. Blake at one time suggested that Mrs. Phair apply to the Wildey Savings Bank for mortgage, which she did, her application being rejected; that it was understood at the outset that Carpenter would endeavor to secure financial assistance through a mortgage so Mrs. Phair could carry out the agreement, but was unable to do so; that the Blakes were warranted in refusing to permit Mrs. Phair to have the house painted and put in proper condition . . . that the Blakes had accepted Mrs. Phair as a purchaser with their expectation known to plaintiff that they receive in cash $1,800 over and above the outstanding mortgages;" and that the defendants were not at fault in the "deal falling through."

The judge ruled "as a matter of law from the facts as found that until" the defendants received $1,800 over the outstanding mortgages "the plaintiff Carpenter was to receive no compensation for his services."

The plaintiff submitted fourteen requests for rulings, "all of which in so far as inconsistent with the foregoing findings" the judge denied, and found for the defendants. The plaintiff alleged exceptions.

*J. G. Bryer,* for the plaintiff.

*H. H. Newton,* for the defendants.

WAIT, J.   These exceptions must be overruled.   The judge has found that the contract between the parties was not such as the plaintiff alleged in his declaration; but was an undertaking by the defendant to pay to the plaintiff all above $5,000 that he received for the property which the plaintiff was authorized to sell for him.   The judge further found that the defendant did not receive anything above the $5,000; that no sale resulting in the receipt of a purchase price was ever consummated; and that the defendant did not, by any wrongful conduct on his part, contribute to the result.

There was evidence to justify these findings.   They dispose of the case.   The rulings requested by the plaintiff were accepted by the judge so far as they were consistent with the facts as found by him, and were denied only when inconsistent with those facts.

The requests of the defendant were given proper effect. The case is well within the authority of *Munroe* v. *Taylor*, 191 Mass. 483.   There was no fault of the defendant which would make applicable the principle which underlies *Walker* v. *Russell*, 240 Mass. 386.   See also *McCarthy* v. *Reid*, 237 Mass. 371; *Bemister* v. *Hedtler*, 249 Mass. 40.

*Exceptions overruled.*