FRANK STAULA *vs.* SADIE CARROL.

Suffolk.   December 10, 1942. — December 30, 1942.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Broker,* Commission.

A broker, employed by the owner of certain real estate to procure a purchaser thereof and promised as his commission any excess of the "amount . . . obtained" for the property over a certain price, was not entitled to a commission where he procured a customer ready, able and willing to pay more than the specified price but the owner refused to sell to the customer.

CONTRACT. Writ in the Municipal Court of the City of Boston dated October 15, 1941.

The case was heard by *Brackett,* J., and in this court was submitted on briefs.

*D. S. Kunian,* for the defendant.

*R. J. Hartford,* for the plaintiff.

LUMMUS, J. This is an action by a real estate broker to recover a commission. The facts appear in a report by a judge of the Municipal Court. The defendant employed the plaintiff to sell two pieces of real estate, and promised him as a commission all that he should obtain above $10,000. The plaintiff obtained a customer able, ready and willing to pay $10,500, but the defendant refused to sell. The plaintiff brought this action to recover $500. The judge

found for the plaintiff in that sum, and the Appellate Division dismissed the report. The defendant appealed.

Ordinarily a broker earns a commission when he procures a customer able, ready and willing to buy on the owner's terms. But sometimes the agreement calls for no commission unless an actual transfer of title is made. *Cohen* v. *Ames*, 205 Mass. 186. *John T. Burns & Sons Inc.* v. *Hands*, 283 Mass. 420, 422. *Zakszewski* v. *Kurovitzky*, 273 Mass. 448. *Spritz* v. *Brockton Savings Bank*, 305 Mass. 170. The only question in the present case is, Which of these types of agreement was made in this case? The significant term of the agreement was that the plaintiff was to have as his only commission "whatever amount he obtained for said properties in excess of $10,000." There could hardly be any amount "obtained" unless the title should pass.

In *Munroe* v. *Taylor*, 191 Mass. 483, the broker was to have as a commission the excess of the price obtained above $10,330. There, it is true, the owner and the customer entered into a contract to sell at a greater price. But the reason why the contract was not performed did not appear. Possibly the reason may have been that the owner refused to perform it. Yet the broker was denied a commission. In *Noyes* v. *Caldwell*, 216 Mass. 525, the broker was to have as a commission the excess of the price obtained above $9,500. The plaintiff procured a customer for $9,750, but the owner refused to sell to him. The broker was denied a commission. See also *Carpenter* v. *Blake*, 251 Mass. 47. In *Pagum* v. *White*, 259 Mass. 437, the broker was to have as a commission the excess of the price obtained above $10,500. The broker obtained a customer for $10,700, but the owner sold him the property for $10,500. Nevertheless the broker was denied a commission. The present case is governed by the cases cited. The judge should have ruled that the plaintiff could not recover.

The case is not one in which the plaintiff can recover on the ground that the owner revoked the authority of the broker for the purpose of availing herself of the broker's services without paying him a commission. Here the owner acted solely from self interest, and did not avail herself of

the broker's services at all.   See *Cadigan* v. *Crabtree*, 186
Mass. 7, 13; *Zakszewski* v. *Kurovitzky*, 273 Mass. 448.

>      *Order of Appellate Division dismissing report
>           reversed.*
>      *Judgment for defendant.*