SOLOMON SHAPIRO *vs.* CHARLOTTE SEGAL & another.

Suffolk. May 2, 1944. — June 26, 1944.

Present: FIELD, C.J., QUA, RONAN, & WILKINS, JJ.

*Broker*, Commission.

Evidence merely that, after a broker had had some negotiations with a prospective purchaser of certain real estate but not to the extent that he had earned a commission from the owner, the prospective purchaser, in order to deprive the broker of a commission, procured a straw to represent to the owner that no broker had shown the property to the straw or would be entitled to a commission, and to take title to the property for "the amount of the purchase price less the commission," would not entitle the broker to recover the amount of the commission from the prospective purchaser in an action of contract.

CONTRACT. Writ in the Municipal Court of the City of Boston dated October 30, 1942.

Upon removal to the Superior Court, the action was tried before *Leary*, J.

*Q. I. Abrams*, for the plaintiff.

*J. Schneider*, for the defendants.

WILKINS, J. The plaintiff, a broker, brings an action of contract against the purchasers of real estate, which he had been authorized to sell by its owner, for a commission of which he alleges he was deprived by the defendants.

A verdict for the defendants was directed on the opening of the plaintiff, who excepted. We assume that the statements of fact, both specific and general, in the following summary of the opening were true and would have been substantiated by testimony. *Schleifer* v. *Worcester North Savings Institution*, 306 Mass. 226, 230. *Lawless* v. *Trustees of New York, New Haven & Hartford Railroad*, 310 Mass. 211, 212.

The plaintiff, for many years a real estate broker, was authorized by the Union Savings Bank, the owner, to sell an apartment house at 28–32 Deckard Street, Roxbury.

In October, 1941, he "approached" the defendant Segal and "discussed the purchase of this property" by her. Down to August, 1942, the plaintiff on numerous occasions showed the property and statements of income and expense to the defendant Segal and to her daughter, the defendant Brown, both of whom told him that they wanted to buy the property for themselves. The plaintiff spoke to the bank about terms of a mortgage back. The defendants "after all these negotiations finally wanted to take advantage of this plaintiff's position and cut down his commission . . . offered him various sums to take as his commission and . . . the other remaining sum that he would have been paid by the bank for his commission would be kicked back, that is, given back" to the defendants. The plaintiff refused the suggestion, and the defendants, still telling him that they liked the property and were going to buy it, in order to deprive the plaintiff of his commission, "deceitfully" for a consideration employed one Goodman and one Kahn, persons without the means or the desire to buy, to go to the bank and to represent that no broker had ever shown them this property or was entitled to a commission. As a result Kahn took title as a "straw" for the defendants for a price which "was the amount of the purchase price less the commission that this plaintiff was entitled to." This difference was $2,275. There were placed on record a "phoney" mortgage without consideration from Kahn to the defendants, and a power of attorney to run the property from Kahn to the defendant Segal. The defendants in various ways posed as owners and made statements to that effect.

The verdict was rightly ordered. The plaintiff had not earned, and might never have earned, a commission. At no time had he procured the defendants as customers who were accepted by the owner, and who were able, ready, and willing to buy at the price and upon the terms fixed by the owner. *Cohen* v. *Ames*, 205 Mass. 186, 188. *Sherman* v. *Briggs Realty Co.* 310 Mass. 408, 412. *Staula* v. *Carrol*, 312 Mass. 693, 694. Therefore, *Gormley* v. *Dangel*, 214 Mass. 5, and *Henry W. Savage, Inc.* v. *Wheelock*, 230 Mass. 111, relied upon by the plaintiff, are distinguishable. This is even

a weaker case for the plaintiff than *McAuslan & Nutting,
Inc.* v. *Futurity Thread Co.* 254 Mass. 216, which was an
action of tort.

*Exceptions overruled.*