Eno, J.
This is an action of contract by which the plaintiffs seek to recover the sum of $420.00 as a commission for the sale of the defendant’s property for $8400.00.
The declaration is in two counts, both for the same cause of action. One count is on a special contract while the other is on an account annexed. The answer is a general denial and payment.
There was a finding for the plaintiffs for $420.00. The trial judge denied all of the defendant’s requests for rulings and made the following special findings of facts:
“The plaintiffs, real estate agents, were the efficient cause of the sale in this case. Originally they were employed by the defendant to sell his house for eight thousand five hundred ($8500.) dollars net. They produced a customer, one Pierce, who was willing to pay nine thousand ($9000.) dollars; they arranged a mortgage for him with the Malden Co-operative Bank for the entire purchase price, under the G. I. Bill. The *119 appraiser, from the Veteran’s Administration, however, would approve a loan not in excess of $8400.00. The plaintiffs asked the defendant to reduce the sale price and offered to take a smaller commission than the law would otherwise allow. He refused. The plaintiffs continued in their endeavor to sell the house. On two occasions they produced customers willing to pay $9,000.00, $8500.00 net to the seller. These customers were unable to finance the purchase at that price. Finally, on May 15, 1947, the defendant, after private negotiations with Pierce, sold to him for $8400.00, the entire purchase price being financed under a GK I. Loan through the Malden Co-operative Bank. The plaintiffs were not notified of the negotiations or the sale. The plaintiffs were originally employed on or about January 1, 1947. Their employment was never terminated. The defendant changed his price, and consummated the deal with Pierce behind the plaintiffs’ backs. I do not believe he acted in good faith. Both counts are for the same cause of action. The entire amount due the plaintiffs is $420.00. The defendant’s request for rulings are denied in toto in view of the above findings. ’ ’
In addition to the facts found by the trial judge, there was also evidence from one of the plaintiffs, by which they are bound, to the effect that they had inserted an advertisement in the newspaper stating that they desired to purchase a two family house; that the defendant answered their advertisement and offered them his house at the price of $8500.00; that the plaintiffs offered $8000.00 for it, but the defendant refused saying he wanted $8500.00; that they then told the defendant they were real estate agents and would like to sell the house for him; that the defendant agreed “provided they received their commission above the $8500.00 as he wanted $8500.00 net for himself;” that they then drew up a written memorandum to that effect which has become lost or mislaid; that said Pierce made a deposit of $100.00 when he first agreed to purchase the *120 property, which deposit was later refunded to him when the sale failed; that “ at no time did the defendant tell them to sell the property for less than $8500.00; ’ ’ that, in addition to Pierce “they found another customer named Brown who wanted to purchase this property” and that they signed a memorandum wherein they agreed “That they would receive no compensation from the defendant if the property was sold to Brown for $8500.00;” that this sale also failed; that “at no time did they produce a buyer who was able to purchase the property to net the defendant $8500.00.”
The report states that it contains all the evidence material to the questions reported.
By the terms of the contract entered into between the parties, the plaintiffs were entitled to a commission only in the event they found a purchaser who paid more than $8500.00 for the property. Munroe v. Taylor, 191 Mass. 483; Carpenter v. Blake, 251 Mass. 47; Staula v. Carrol, 312 Mass. 693.
The plaintiffs admit by their testimony that they never found a customer who was able to purchase the property on defendant’s terms.
When the deposit made by Pierce was returned to him, that transaction was ended and the defendant had the right to sell the property to anyone including Pierce, which he did several months later after the resumption of negotiations in which the plaintiffs took no part. Cadigan v. Crabtree, 179 Mass. 474; Smith v. Kimball, 193 Mass. 582, at 585; see also Gilmore v. Bolio, 165 Mich. 633.
The trial judge states that he does not believe the defendant “acted in good faith,” but that is far from a finding that he acted in “bad faith,” and there is no evidence of any in the report. We think the case is governed by Pagum v. White, 259 Mass. 437, and is to be distinguished from Blood v. Jenkins, 312 Mass. 669.
*121 Since the court should have granted the defendant’s second request for rulings (as a matter of law the plaintiff is not entitled to recover) and found for the defendant, the finding for the plaintiff is vacated and a new finding is to be entered for the defendant.