### EDWARD RICH *vs.* OLINDY MEZZETTI.

Norfolk.    November 4, 1948. — February 7, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Broker*, Commission.

Evidence of a conversation between an owner of property and a broker warranted a finding that in effect they agreed upon a selling price of $23,000 for the property and upon a commission of $2,000 in the event of the broker's procuring a customer ready, able and willing to purchase at that price, rather than that they agreed that the broker should have as his commission only such amount as might be obtained in excess of $21,000 in an actual sale; and the broker was entitled to recover his commission where he procured a customer ready, able and willing to purchase the property for $23,000, but the owner sold it to another person for $21,000.

CONTRACT. Writ in the Superior Court dated March 19, 1945.

The action was tried before *Donahue*, J. There was a verdict for the plaintiff, and the defendant alleged exceptions.

*J. P. Flavin*, (*J. M. Corcoran* with him,) for the defendant.
*J. C. Johnston*, for the plaintiff.

SPALDING, J. This is an action by a broker to recover a commission. The jury could have found these facts: The defendant was the owner of certain bowling alleys on Quincy Shore Boulevard. Sometime in August or September, 1944, the plaintiff, who sold bowling alley supplies and equipment, had a conversation with the defendant concerning the sale of these alleys. In that conversation, according to the plaintiff's version of it, the defendant told the plaintiff that he wanted to "get rid" of his bowling alleys. The plaintiff said, "Why don't you let me sell one

of the alleys on the Drive?" and the defendant replied, "O. K., bring me a customer and I will sell it." The defendant when asked by the plaintiff to "figure out what . . . [he] want[ed] for it" said, "I want to get $21,000. I can't pay you any commission. Anything over $21,000 you can have." The plaintiff then said, "I won't touch it for anything under $23,000. If you will agree to $23,000 as the selling price, you will give me $2,000 for my commission." The defendant said, "All right."

Sometime in September, 1944, the plaintiff brought customers who were "ready, willing and able to purchase the alleys at the terms stated by the defendant." The defendant did not sell the alleys to these customers, but sold them to another person for $21,000.

The jury returned a verdict for the plaintiff. The only question for decision is whether the judge erred in denying the defendant's motion for a directed verdict.

To recover a commission a broker ordinarily is required to prove only that he procured a customer ready, able, and willing to buy on the owner's terms. *Chapin* v. *Ruby*, 321 Mass. 512, 515, and cases cited. But sometimes the terms of the broker's employment are such that he is to receive a commission only if an actual sale is made. *Munroe* v. *Taylor*, 191 Mass. 483. *Cohen* v. *Ames*, 205 Mass. 186. *Staula* v. *Carrol*, 312 Mass. 693. In the case last cited the defendant employed the plaintiff to sell two pieces of real estate, and promised him as a commission all that he should obtain above $10,000. The plaintiff obtained a customer ready, able and willing to pay $10,500 but the defendant refused to sell. It was held that on these facts the broker was not entitled to recover. The court said, "The significant term of the agreement was that the plaintiff was to have as his only commission 'whatever amount he obtained for said properties in excess of $10,000.' There could hardly be any amount 'obtained' unless the title should pass" (page 694). Other cases to the same effect are *Noyes* v. *Caldwell*, 216 Mass. 525, *Carpenter* v. *Blake*, 251 Mass. 47, and *Pagum* v. *White*, 259 Mass. 437.

If the agreement in the case at bar was that the defendant

was to "get $21,000," and that the plaintiff was to receive as his compensation only the amount received above that sum, the plaintiff, under the cases just cited, could not recover. Such an agreement contemplated an actual sale, and no sale brought about by the plaintiff ever took place. But the evidence here, although slight, went beyond this. In the last part of the conversation the plaintiff said, "If you will agree to $23,000 as the selling price, you will give me $2,000 for my commission," and the defendant replied, "All right." It seems unlikely that the defendant should in one portion of the conversation agree that the plaintiff was to be paid only an amount in excess of $21,000 obtained in an actual sale and in the next breath agree, in effect, that the plaintiff was to have a commission of $2,000 if he procured a customer ready, able and willing to buy the property for $23,000. The agreements are quite inconsistent and, as we have pointed out, the legal consequences attaching to them are very different. Yet we cannot say that a jury could not find that the terms finally agreed upon were those set forth in the latter part of the conversation. If they found that this superseded what had been said earlier and constituted the agreement of the parties, the plaintiff was entitled to recover. The judge rightly submitted the case to the jury.

*Exceptions overruled.*