*Northern District*

No. 4660

### SAMUEL P. BACKMAN
v.
### EDWARD GUILIANO, ALSO KNOWN AS EDWARD JULIAN AND JULIAN REAL ESTATE TRUST

(September 28, 1953)

*Gadsby, P. J.* This is an action of tort for unlawful interference with contract. The defendant filed an answer of general denial and an allegation of payment.

After hearing the parties and their witnesses the trial judge made the following findings:

"This is an action of tort for unlawful interference with contract wherein the plaintiff seeks to recover damages on the alleged conduct of the defendant in failing to reveal to a third party that, the plaintiff, a

real estate broker, solicited the defendant to buy the property of said third party.

From all the evidence I am satisfied, and I so find, that

1. The plaintiff was engaged by a third party, one Mr. M. Fame, as one of many real estate brokers to sell a certain piece of real estate designated as 'Waldorf Chambers'.

2. The plaintiff, through his agent, gave to the defendant detailed particulars about the Waldorf Chambers in question, and in fact called Mr. Fame on the telephone in defendant's presence and got other data about the property. These negotiations for the purchase by the defendant of said property ended when defendant told plaintiff that he would 'consider it'. Later, the defendant, when pressed by the plaintiff to purchase property, told the plaintiff, 'If I'm interested, I'll contact you,' and at another time stated, 'I'll let you know'.

3. The defendant in possession of details so given by plaintiff then went secretly and directly to Mr. Fame and falsely represented to him that no broker solicited him to buy said property; this was done for the purpose of inducing Mr. Fame to sell him the property at a lower figure since Mr. Fame would have no real estate broker's commission to pay. Mr. Fame agreed to sell, and in fact did sell, to the defendant the Waldorf Chambers, the defendant certifying in said real estate agreement, Exhibit 1 in the case, 'It is understood that no commission is to be paid by the party of the first part.' (Mr. Fame). Mr. Fame gave 'benefit of commission to the defendant'.

4. Although the defendant had some knowledge of the Waldorf Chambers in 1946, however, he did nothing about it until the plaintiff approached him on the subject in 1948. I further find the plaintiff's efforts reawakened defendant's lost interest to purchase said property and the plaintiff was the sole and efficient cause of this sale to defendant of said Mr. Fame's **property.**

5. Defendant misrepresented to Mr. Fame that he was not solicited by the plaintiff to buy said Waldorf Chambers; defendant's act was intentional and made to the end that he might purchase the property for a less amount and to deprive plaintiff from receiving his commission. Thus, defendant's act was malicious.

6. Mr. Fame would not have sold property in question for this lesser amount if he had to pay a commission, a thing the defendant well knew.

7. The plaintiff was thereby deprived of a commission amounting to $1,125.00.

In accordance with my understanding of the law, I fail to see what legal rights of the plaintiff the defendant violated. What duty did defendant owe the plaintiff that was breached under our laws? As a matter of law, I am of the opinion that, defendant's acts were not tortious on which plaintiff might predicate a suit for damages. I, therefore, find for the defendant."

The first question for consideration is whether this case is properly before this Court even though no requests for rulings were filed by the plaintiff.

The trial judge in his Memorandum of Findings expressly stated, "As a matter of law, I am of the opinion that, defendant's acts were not tortious on which plaintiff might predicate a suit for damages."

The plaintiff had a right to have this ruling of law presented to this Division for determination and so requested the trial judge to report the question.

As was said in *Barton v. Cambridge*, 318 Mass. 420 at 423, "Such a "request" for a report is enough to save a question of law, except a question of the admission or exclusion of evidence, as to which there must also be a "claim" for a report made." In *O'Leary v. Hayden*, 325 Mass. 525, no requests for rulings were filed by either party. The trial judge made a finding as a matter of law that there was no meeting of the minds and no contract existing between the plaintiff and the defendant, prior to the sale of the house and lot by the defendant to the plaintiff and his wife. The Court held that the correctness of the

judge's finding was properly before the Court. Under the provisions of G. L. (Ter. Ed.) Chap. 231, §108, as amended, the matter is properly before this Court.

The next question for consideration is whether any prejudicial error was committed by the trial judge. It is difficult to see what legally protected interests or contract rights the plaintiff had with the owner of the property so that the defendant would be liable for an alleged tortious interferance therewith. Tbe plaintiff was merely engaged by a third party, the owner of the property, as one of many real estate brokers to sell the property. There must have been an intentional invasion of legally protected interest, without legal justification in order to create liability on the defendant. The defendant was under no legal obligation to purchase the property only through the office of the plaintiff. For an exhaustive opinion on the law relative to the situation, see *Ross v. Wright,* 286 Mass. 269, *Dangel, Real Estate Broker,* Page 158.

In *McAuslan & Nutting, Inc. v. Futurity Thread Co.,* 254 Mass. 216, plaintiff, a real estate broker, sued in tort alleging he was employed by the owner of certain real estate to procure a purchaser; that he interviewed one of the defendants and procured from him an offer acceptable to the owner; that the defendant then conspired with the second defendant to deprive plaintiff of his commission through second defendant's going to the owner representing to him that he came without having seen plaintiff, offered the price previously asked by the owner less the broker's commission and without the owner's knowledge did this for the benefit of the other defendant; that a sale was accomplished to the second defendant for the benefit of the first defendant and that plaintiff was deprived of his commission. The court sustained defendant's demurrer in the following language: "At the time of the alleged conspiracy Rae might have refused to be a buyer without violating any duty to the plaintiff or interfering with any contractual rights between the plaintiff and the

owner. The broker had not then earned a commission. If it should appear that its employment as a broker continued and that its efforts were the efficient cause of the sale, it has not been deprived of its commission but is entitled to it. *Gleason v. Nelson,* 162 Mass. 245. *Cohen v. Ames,* 205 Mass. 186. In that event, the alleged acts of the defendants instead of depriving it of its commission have assisted in making it possible for the plaintiff to receive one. The gist of the action is not conspiracy, but the alleged deceit or fraud causing damage. *New England Foundation Co. v. Reed,* 209 Mass. 556, 560. On any theory the allegations of the declaration do not show that the plaintiff suffered damage. Upon the facts in this case it is distinguishable from *Henry W. Savage, Inc. v. Wheelock,* 230 Mass. 111, and *Gormley v. Dangel,* 214 Mass. 5."

The foregoing case was quoted with approval in *Shapiro v. Segal,* 316 Mass. 556. That was an action in contract by a real estate broker for a commission of which he alleged he had been deprived by defendants. A verdict was directed for defendants on plaintiff's opening. According to the opening, plaintiff was authorized by the owner to sell a piece of property. He approached defendants Segal and Brown and discussed sale with them. They professed interest in the property but wanted to buy it for less money. Not succeeding in getting plaintiff to reduce his figure, they procured other persons fraudulently to represent themselves as being interested in purchasing the property and that there was no broker in the matter, as the result of which the owner sold them the property for the price stated by plaintiff less commission. The court said, page 557, "The verdict was rightly ordered. The plaintiff had not earned, and might never have earned, a commission. At no time had he procured the defendants as customers who were accepted by the owner, and who were able, ready, and willing to buy at the price and upon the terms fixed by the owner. *Cohen v. Ames,* 205 Mass. 186, 188. *Sherman v. Briggs Realty Co.* 310 Mass.

408, 412. *Staula v. Carrol,* 312 Mass. 693, 694. Therefore, *Gormley v. Dangel,* 214 Mass. 5, and *Henry W. Savage, Inc. v. Wheelock,* 230 Mass. 111, relied upon by the plaintiff, are distinguishable. This is even a weaker case for the plaintiff than *McAuslan & Nutting Inc. v. Futurity Thread Co.* 254 Mass. 216, which was an action of tort."

The facts in *McAuslan et al v. Futurity Thread Co.* and *Shapiro v. Segal,* 316 Mass. 556, are essentially the facts in the present case. Applying the reasoning in those cases to this case, plaintiff had not, up to the sale to defendant, earned a commission. He himself had received no offer from defendant. When the sale took place, plaintiff became entitled to a commission, being as the court found, the sole and efficient cause of the sale. Defendant's act of purchase did not deprive plaintiff of a commission. On the contrary, it entitled him to one. Therefore, plaintiff was not damaged by defendant's activities. *Damage is an essential element of plaintiff's case.* If he cannot show it, he cannot recover.

There was no prejudicial error committed by the trial judge in his ruling of law. The report is therefore ordered dismissed.

In conclusion, it may be pointed out that the draft report being seasonably filed by the plaintiff, no request for a report was required to be filed under Rule 27 of the rules of district courts.

Sisk Brothers and R. S. Backman, for the plaintiff.

Joseph B. Clancy and Edwin J. Coughlin, for the defendant.