## WALTER H. KINGSLEY d/b/a
### v.
## CANNONBALL CAFE, INC. ET ALS

*Present*:   NASH, P. J., CALLAN AND SGARZI, JJ.

*Callan, J.*   This report comes before us upon the defendants' claim of grievance by the court's allowance of the plaintiff's requests for rulings and the denial of certain requests of the defendants.

The plaintiff in this action of contract seeks to recover $2,000.00 alleged to be due him as a broker's commission.

*There was evidence tending to show that* the individual defendants, husband and wife, are the owners of certain land with a building thereon in Rockland, Mass. One of the stores in the building was occupied by the defendant corporation in which there was operated a restaurant and an all alcoholic beverage business. The principal stockholder of this corporation was the male defendant, hereinafter called Giagrando.

The plaintiff, a real estate agent, whom Giagrando knew, went to the restaurant and told Giagrando that he had a good prospect for the purchase of the business whereupon Giagrando asked him why he did not sell this place. Giagrando said he wanted $75,000.00 for the real estate and business and that he, the plaintiff, would have to add his commission on top of that. Giagrando, in answer to a question by the plaintiff as to whether he would sell the business alone, told the plaintiff that he would sell the business alone for $20,000.00, no commission to be paid out of that but that he would have to add his commission on top of that; that anything he got over $20,000.00 would be his. The plaintiff said he would ask $22,000.00 for it.

Later the same day the plaintiff brought a customer to see the property and two days later the plaintiff and the customer went to the restaurant at which time the customer offered a check to Giagrando for $2,200.00 as a binder, stating that he was ready to buy. Giagrando did not take the check and stated that he would let him know in a few days as he wanted to talk the matter over with his wife and son. The plaintiff and customer returned a few days later at which time they were told by Giagrando that the business was not for sale. The plaintiff made a demand on Giagrando for his commission of $2,000.00. There was evidence that when the plaintiff talked with the customer, the customer was told that the real estate and business could be bought for $82,500.00 and that this figure was not given to him by Giagrando, but that the figure given him by Giagrando was $75,000.00 and that the difference represented his commission.

The plaintiff testified that Giagrando was to receive $20,000. net and any commission was to be above that amount. It was conceded that the customer was one who was ready, able and willing to purchase the business.

The plaintiff duly filed two requests for rulings both of which were allowed and are as follows:

1. That a broker or agent, who is engaged or employed on a commission basis by a principal to sell a business, upon certain terms and conditions, has earned and becomes entitled to the commission when he produces a purchaser who is ready, willing and able to purchase the business on the terms stipulated by the principal.

2. Upon all the evidence the Plaintiff is entitled to recover in accordance with his Declaration.

The defendant duly filed thirteen requests for rulings but Request No. 1 is the only one we need to consider.

1. On all of the evidence there is not a sufficiency of evidence to warrant a finding for the plaintiff.

This request was denied. (See finding of facts).

The court made a finding of facts and found for the plaintiff for $2,000.00 with interest.

From the maze of cases involving brokers' commissions with which the Supreme Judicial Court has been confronted two rules appear to be the basis for determination of the brokers' right of recovery. One is that a broker is ordinarily entitled to a commission if his efforts were the predominating efficient cause of producing a customer ready, able and willing to buy on the terms and for the price given the broker by the owner. *Walker v. Russell*, 240 Mass. 386; *Henderson & Beal, Inc. v. Glen*, 329 Mass. 748. When the broker has done this he is not required to show that a sale resulted or that a written agreement of sale was ever entered into by the parties. *Palmer, Russell Co. v. Rothenberg*, 328 Mass. 477; *Driscoll v. Bunar*, 328 Mass. 398; *Alphen v. Bryant's Market, Inc.*, 329 Mass. 540.

The second rule applies in cases where the owner engages a broker to produce a customer and to be paid upon the actual sale and transfer of ownership in the property. *Tracy v. Blake*, 229 Mass. 57; *John T. Burns & Sons, Inc. v. Hands*, 283 Mass. 420;

*Cohen v. Ames,* 205 Mass. 186; *Munroe v. Taylor,* 191 Mass. 483.

The difficult part is reached in determining from the facts which rule is applicable.

We are of the opinion that from the facts in the case at issue the rule as stated in *Staula v. Carrol,* 312 Mass. 693 applies. In the *Staula* case the defendant employed the plaintiff to sell his real estate and promised him as a commission all that he should obtain above $10,000.00. A customer able, ready and willing to pay $10,500. was obtained by the plaintiff but the defendant refused to sell. As the court said, Lummus, J., "There could hardly be any amount obtained in excess of $10,000.00 unless the title should pass." See also *Rich v. Mezzetti,* 323 Mass. 669.

In the *Rich* case there was evidence that the plaintiff broker and defendant agreed upon a selling price for $23,000. and upon a commission of $2,000. in the event of the broker obtaining a customer ready, able and willing to purchase at that price.

There was also evidence in the *Rich* case that the parties agreed the broker should have as his commission such amount as might be obtained in excess of $21,000. in an actual sale.

The jury could have found that either of these two agreements was the agreement under which the parties conducted their business. The jury found that the parties agreed that when the plaintiff produced a customer ready, able and willing to buy for $23,000.00 a commission would be paid.

From all evidence in the case in issue it appears that the plaintiff was to add any commission he received to $20,000., that anything received over $20,000. would be his, that the defendant was to receive $20,000. *net.* The only conversation between them in which $22,000. was mentioned was by the plaintiff when he told the defendant he would ask

$22,000. for the business. There was no evidence the defendant made any reply.

The plaintiff testified that when he first mentioned to the customer the fact that he could purchase the real estate and business for $82,500. the defendant was to receive $75,000. and his commission was the difference. It would further appear that if the sale was completed not more than $20,000. would pass into Giagrando's hands. The judge in his findings found that the defendant, Giagrando, "gave the plaintiff a price of $20,000. *ne*t for the business alone."

We, accordingly, are of the opinion that the plaintiff was not entitled to recover for his services unless the sale was completed and title passed. There appears to be no evidence to support the judge's finding that the plaintiff was entitled to a commission upon the production of a customer ready, able and willing to purchase.

There was prejudicial error by the judge in his rulings on the requests. The finding for the plaintiff is vacated and entry is to be made of "Judgment for defendants." *So ordered.*

Daniel L. O'Donnell, for the Plaintiff.

Alton F. Lyon, for the Defendant.