*Municipal Court of the City of Boston*

No. T-17183

**LEWIS M. SERONICK, d/b/a**

v.

**WALTER R. COLBY and
NANCY O. COLBY**

Argued: May 30, 1969  Decided: June 12, 1969.

*Present:* Adlow, C.J., Morrissey, Canavan, JJ. Case tried to *Mottala, Sp. J.*

*Adlow, C.J.* Action of contract to recover a real estate broker's commission.

*At the trial there was evidence that* in February 1967 the defendant, Walter R. Colby, engaged the plaintiff to find a purchaser for a parcel of property owned by him and his wife in the City of Boston. He told the plaintiff that he would sell for a purchase-price of $120,000 of which $14,000 were to be paid in cash, the balance to be covered by assuming a first and second mortgage on the property and by giving a third mortgage in the amount of $28,000 to run for five years with interest at six per cent with no payments on principal.

Later in February the plaintiff obtained a purchaser named McElhinney who, after nego-

tiating, finally offered $107,000 with $14,000 to be paid in cash and the balance represented by assumption of the first and second mortgage on the property and giving a third mortgage for the balance. These terms were communicated to Walter R. Colby who stated that he would accept the offer if the plaintiff would accept $4,000 for his commission rather than the usual fee. This was agreed to by the plaintiff, who advised his customer that his offer had been accepted. Thereupon the prospective purchaser drew a check in the amount of $1,000 payable to the plaintiff. On the back of the check was written the following: "This check can only be negotiated subject to purchase price for said property of $107,000.00 and down payment of $14,-000 with no future property taking due to urban renewal and also subject to satisfactory condition of the interiors of the 11 units. Philip J. McElhinney". Subsequently the plaintiff went to the office of Walter R. Colby, bringing with him the check he received from McElhinney. Colby denied that he had agreed to sell on the above terms and terminated the negotiations.

At the close of the evidence the defendant requested the court to rule that the additional terms and conditions under which the buyer was willing to negotiate an agreement, to wit "no future taking due to urban renewal and also subject to satisfactory condition of the interiors of the eleven units" were beyond the terms under which plaintiff was willing to sell,

and did not constitute an acceptance of the seller's offer. The court refused to so rule and found for the plaintiff. There was a finding for the defendant, Nancy O. Colby. Being aggrieved by rulings the defendant, Walter R. Colby brings this report.

A broker earns a commission when he procures a customer who is ready, willing and able to buy on the seller's terms. *Woods* v. *Lowe*, 207 Mass. 1. *Staula* v. *Carol*, 312 Mass. 693.

Whether the broker in this cause procured such a customer must be determined by the terms and conditions under which the plaintiff was authorized to negotiate an agreement by his prospective purchaser. The terms and conditions must be ascertained by reference to the oral negotiations as well as the memorandum annexed to the check signed by the prospective buyer. It is from both that we must ascertain the extent to which the buyer is willing to purchase on the seller's terms.

Let us consider the conditions noted by the buyer on the back of this check. One of these conditions reserves to the buyer the right to further investigate the property before being firmly committed to a purchase. It is difficult to reconcile the position of one who is not fully committed to a purchase with one who is ready, willing and able to purchase. To reserve the right to further examine eleven apartments in a building consisting of twelve apartments is to do no more than to keep negotiations alive. One

who makes a bid "subject to satisfactory condition of the interior of the eleven units" entails no legally binding consequences.

Equally illusory is the condition noted on the check which links the sale to a contingency that "no future property taking due to urban renewal" will involve the property in question. If the assurance which the buyer seeks with respect to future action by Urban Renewal Authorities is to be incorporated as a warranty in the agreement of sale and in the deed of transfer, then the prospective purchaser is looking for something markedly different from the original transaction. No one can seriously claim that what the broker was authorized to communicate to the seller was an acceptance of his offer. In effect it was a counter offer radically changing the original terms on which parties were negotiating. Despite the plaintiff's claim that his customer was ready, willing and able to purchase on the defendants' terms, the fact is that the transaction was not beyond the negotiation stage. Under these circumstances a finding for the broker for his commission was not warranted. *Cesna* v. *Johnson,* 232 Mass. 444, 448. [*Higgins* v. *Ginsburg & Goodman, Inc.,* 278 Mass. 497, 501].

*Finding for the plaintiff vacated. Finding to be entered for defendant.*

EDWARD J. BARSHAK
   of Boston for the plaintiff
CHARLES P. MAMAKOS
   of Cambridge for the defendant.